## BRIGGS FULLER

*v.*

## JOHN BATES.

*Ottawa, September Term, 1880.*

1. APPEAL *from an Appellate court—necessity of a certificate as to questions of law.* The act of 1879 requiring the original transcript of the record from the trial court to be brought to this court in case of appeal from or error to an Appellate court, does not dispense with the certificate required by a prior statute to be given by the Appellate Court, that the case involves questions of law of such importance that they should be passed upon by this court, in order that this court may have jurisdiction of the cause.

2. Nor will the fact that the Appellate Court, on affirming the judgment of the trial court, has filed an opinion stating the grounds upon which the appeal was allowed, obviate the necessity of making the certificate as required by the statute. The Appellate Courts are not required by law to file opinions in cases of affirmance of the judgments of the trial courts, and such opinions can not be regarded as any part of the record.

3. SAME—*as to compelling the Appellate Court to make the certificate.* Under the statute making it necessary that, in certain cases, the Appellate Court shall certify to this court that a case involves questions of law of such importance that they should be passed upon by this court, in order to give to this court jurisdiction to review the cause on appeal from the Appellate Court, it is entirely within the discretion of the latter court whether it will make such certificate. This court has no power to compel the Appellate Court to certify.

APPEAL from the Appellate Court for the Second District.

This was an action of trespass, instituted in the circuit court of Grundy county, in which the plaintiff recovered a verdict and judgment for the sum of $917.40. On appeal to the Appellate Court that judgment was affirmed. Thereupon the case was brought to this court for review.

The appellee enters his motion to dismiss this appeal upon the ground that the amount involved is less than $1000, and that the Appellate Court has failed to certify to this court that there are involved in the case questions of law of such importance that they should be passed upon by this court.

The appellant entered his cross-motion for a rule upon the Appellate Court to make the proper certificate, alleging the refusal of that court so to do upon application for that purpose, the reason for such refusal being, as stated by the Appellate Court, that there is no necessity for a certificate of the character indicated, under the law as it now stands.

Messrs. JORDAN & HOUGH, for the motion.

Mr. SAMUEL RICHOLSON, for the cross-motion.

MULKEY, J.: This is an appeal from the Appellate Court for the Second District, affirming the judgment of the court below in a case in which the amount in controversy, as well as the judgment in the court below, was less than $1000, and without any certificate from the Appellate Court showing the grounds upon which the appeal had been allowed.

Appellee enters a motion to dismiss the appeal for these reasons, and this motion is resisted by appellant on two grounds. First, it is claimed that since the act of 1879, requiring the clerk, in making up the record in cases of an appeal from the Appellate to this court, to send up the entire record in the Appellate Court, together with all original papers and files pertaining to the case, no such certificate is required,—that the reasons which originally induced the legislature to

require such a certificate have ceased to exist by reason of the passage of the act above referred to, and it is therefore claimed that the law itself has ceased; secondly, it is insisted that inasmuch as the opinion of the Appellate Court affirming the judgment of the court below, states the grounds upon which the appeal was allowed, the opinion itself must be regarded as a substantial compliance with the statute in that respect, and that no other or further certificate is necessary.

In the view we take of the matter, neither of these positions is tenable. The doctrine that when the reason of a law ceases, the law itself ceases, we understand has no application to statutory provisions,—it only applies to the rules of the common law. A statute, although the reasons for passing it may have altogether ceased, or may have been misconceived or ill-founded upon its adoption, is, nevertheless, if constitutional, a part of the positive law of the land, and, as such, must be observed.

With reference to the other position, it is sufficient to say that, while the opinions of the Appellate Courts in affirming judgments are useful to the profession generally, and particularly to the parties and counsel who are personally interested in the cases in which they are rendered, yet, they are not required by law, and can not be regarded as any part of the record.

The opinion in question, therefore, not being a part of the record, can not be looked to in determining the rights of the parties here.

There is also a cross-motion filed by appellant, asking that a rule be issued in this court directing the judges of the Appellate Court to make the necessary and proper certificate in this case. We understand this court has no power to do so. This is a matter left in the sound and exclusive discretion of the Appellate Court. But inasmuch as it appears, from the statement accompanying appellant's cross-motion, that the Appellate Court refused to certify the case to this court upon the hypothesis that the law requiring a certificate was, for the

reasons above stated, no longer in force, we are of opinion the case ought to be continued until the next term of this court, so as to afford in the meantime an opportunity to make a formal application to the Appellate Court for a proper certificate under the statute, and that will be the order in the case.

*Motion denied.*