ORRIN L. MANN *et al.*

*v.*

JOHN H. MCKIERNAN.

*Filed at Ottawa May 19, 1884.*

1. APPEALS — *reviewing controverted questions of fact.* In trespass against a sheriff for levying upon and carrying away goods under an execution, it is a question of fact depending upon evidence whether a sale of the goods by the defendant in the execution, to the plaintiff, was made in good faith and for a valuable consideration, or was made with intent to hinder and delay the vendor's creditors; and so as to the value of the goods, and whether the damages are excessive. The finding of the Appellate Court the same as in the trial court is conclusive, and this court can not consider whether the verdict is contrary to the evidence, or the damages are excessive.

2. ERROR WILL NOT ALWAYS REVERSE—*of instructions that could have worked no injury.* In trespass against a sheriff for levying upon goods claimed to be the property of the plaintiff, under an execution against the person from whom the plaintiff had bought the goods, the sheriff claiming the transfer to have been fraudulent, it appeared the levy was also made upon property which the plaintiff had purchased of persons other than the defendant in execution. The court instructed the jury that the plaintiff was entitled to recover for this last mentioned property, irrespective of the ownership of the goods bought of the defendant in execution, unless plaintiff, before the levy, by denying that any of the property levied on was his, induced the sheriff to so believe and to levy on the whole. The jury found that all the goods levied on were the property of the plaintiff: *Held,* that the error in such instruction, if there was any, could have done the defendant no harm.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Messrs. STORCK & SHUMAN, for the appellants.

Messrs. FLOWER, REMY & GREGORY, and Mr. JOHN C. CHUMASERO, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the Superior Court, by John H. McKiernan, against Orrin L. Mann, George W. Sheldon and John G. Wilson. The declaration is in the usual form in trespass *de bonis asportatis,* and to which all of defendants pleaded the general issue. The defendant Mann also filed a special plea, justifying the taking of the goods under an execution which came to his hands as sheriff, that was issued out of the Superior Court on a judgment rendered in that court in favor of his co-defendants, and against one Samuel Kirchoffer, who, it is averred, was the owner of the goods in controversy. On the trial, plaintiff obtained a verdict against all of defendants for the value of the goods seized and carried away by the sheriff, on which the court rendered judgment. That judgment was affirmed in the Appellate Court for the First District, and defendants bring the case to this court on their further appeal.

Plaintiff claimed, in the trial court, to have bought the goods in controversy of Samuel Kirchoffer, the execution debtor, or from Kirchoffer & Archer, (the latter being a silent partner with Kirchoffer,) and that he was in the actual and open possession of the same when such goods were seized by the sheriff and carried away. Whether the sale of the goods to the plaintiff by the former owner was in good faith and for a good consideration, or was made with the intention to hinder and delay their creditors in the collection of their just claims against the judgment debtor, and for the latter reason voidable as to existing creditors, were questions of fact, depending upon evidence for their solution. The good faith of the transaction was one of the issues submitted to the jury. The evidence bearing on that question is quite voluminous, and the verdict and judgment in the trial court sustained the validity of the sale. The affirmance of that judgment in the Appellate Court implies a finding of the facts in the same way, and of course that finding of the latter court, under the statute,

is conclusive, so far as this court is concerned. It is for that reason the point made, the verdict is "contrary to the evidence," will not be here considered.

The value of the goods taken from plaintiff is also a question of fact, and whether the damages found by the jury are excessive, can not be considered as a question of law open to review in this court. Previous decisions of this court, so recently made as to be familiar, are conclusive on this branch of the case.

It appears that after the alleged purchase of the principal stock, plaintiff invested between $40 and $50 in periodicals, which were taken by the sheriff with the other goods, and in reference to these goods the court instructed the jury plaintiff was entitled to recover for such goods, irrespective of the ownership of the other property, unless plaintiff, before the levy, by denying that any of the property levied on was his, induced the sheriff to so believe and to levy on the entire stock, including the recent purchase. Whether the charge of the court in this respect was correct need not now be considered, for it is apparent, if it were erroneous, the result shows it did defendants no harm. The jury found the entire stock belonged to plaintiff, and it is manifest they had no occasion to consider whether they should find the value of the more recent purchase, to which the instruction had exclusive reference, in favor of plaintiff. There was no necessity for considering that phase of the case, and it is not probable it was done. The error contained in the charge, if any existed, could not have been prejudicial to the defence. Nor was there any error in refusing the instruction asked by defendant. All that it contained that was pertinent to the issues involved, was embodied in the instructions given, and it would have answered no good purpose had the court repeated it a second time.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*