LAWRENCE MOORE *et al.*

*v.*

HELEN R. WILLIAMS *et al.*

*Filed at Mt. Vernon April 22, 1890.*

1. APPEALS—*as to amount involved—as affecting the right of appeal.* Where the amount involved in a chancery suit is less than $1000, no appeal will lie from the Appellate Court to this court, except on a certificate of importance, whether the Appellate Court affirms the decree of the trial court or dismisses the appeal therefrom. The dismissal of the appeal by the Appellate Court disposes of the decree appealed from, the same as an affirmance.

2. SAME—*whether a freehold involved—freehold as having been involved, but not arising on the appeal.* Although a freehold may have been involved in a suit and in the decree rendered, yet if no objection is taken to that part of the decree relating to the freehold, an appeal or writ of error that brings up another part of the same decree having no relation to the question of freehold, will not lie to bring the record directly to the Supreme Court.

3. SAME—*dismissal of appeal—by Appellate Court—grounds of dismissal to be shown—and in what way.* Unless there are sufficient reasons for dismissing an appeal to the Appellate Court, it is the duty of that court to review the judgment or decree appealed from, and either affirm or reverse it. An appeal should not be dismissed arbitrarily and without cause.

4. It is improper for an order of the Appellate Court dismissing an appeal, to refer to the opinion of that court for the reasons of the dis-

missal. The opinion of that court is not a part of the record, and can not be made so by such reference.

5. Nor is the ground of dismissal shown by a reference in the record entry of the motion to dismiss, to the reasons on file in the written motion, which is not copied into the transcript of the record of that ·court.

6. SAME—*release of errors—acceptance of benefit of a decree.* Where a party accepts the benefits of a decree, he can not afterward prosecute error to reverse it. ·Such acceptance operates as an estoppel, and may be treated as a release of errors.

7. SAME—*release of errors—must be pleaded.* An appellate tribunal can not consider matters subsequent to a final judgment or decree which operate as a release of errors, unless they are pleaded as such. They ·can not be considered on motion to dismiss the appeal or writ of error.

8. SAME—*trial of issues of fact.* An issue of fact will not be tried by an appellate court. If the issue be upon *nul tiel record,*—or, in other words, if the evidence to be introduced is matter of record,—the issue may be tried by the appellate court; but if the evidence rests in parol, the issue will be sent to the circuit court, or some other appropriate ·court, to be tried. ·

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Franklin county; the Hon. B. H. CANBY, Judge of the City Court of .East St. Louis, presiding. ⸱

Mr. W. H. WILLIAMS, for the appellants:

The motion to dismiss the appeal raised a question of fact, ·upon which an issue should have been formed. It was in the ·nature of and amounted to a plea of release of errors, and ·should have been pleaded. *Morgan* v. *Ladd,* 2 Gilm. 414; .*Sproule* v. *Samuel,* 4 Scam. 135; *Corwin* v. *Shoup,* 76 Ill. 246.

The matter of the motion could not be brought before the ·court except by plea. *Kern* v. *Zink,* 55 Ill. 449; *Trustees of* .*Schools.* v. *Hihler,* 85 id. 409.

If an issue of fact is formed in an appellate court, the prac- ·tice is to certify the issue to the lower court for trial. *People* v. *Young,* 40 Ill. 87; *People* v. *Logan County,* id. 87; *Beaubien* ·v. *Hamilton,* 3 Scam. 213.

Mr. G. C. Ross, and Mr. C. H. Layman, for the appellees:

While it is true that an appellate court can not hear evidence on questions of fact, outside of the record, still, when the evidence is a matter of record, as in this case, the issue may be tried by the appellate court. *Baldwin* v. *Young,* 40 Ill. 87; *Prettyman* v. *Supervisors*, id. 87.

Mr. Justice Magruder delivered the opinion of the Court:

The final judgment entered by the Appellate Court in this cause, and from which the present appeal is prosecuted, is as follows: "The court having diligently examined and inspected as well the record and proceedings aforesaid, as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, and also being now sufficiently advised of and concerning the motion heretofore entered in said cause by appellees to dismiss said appeal, therefore it is considered by the court that the appeal aforesaid, *for the reasons set forth in the opinion filed in said cause,* be and the same is hereby dismissed and procedendo awarded, notwithstanding the said matters and things therein assigned for error by appellants, etc."

It will thus be seen, that the Appellate Court dismissed the appeal prosecuted to it from the Circuit Court of Franklin county. Unless there were valid and sufficient reasons for dismissing the appeal, it was the duty of the Appellate Court to review the judgment or decree of the Circuit Court and either affirm or reverse it. The appeal should not be dismissed arbitrarily and without cause. What the reasons were for dismissing the appeal, does not appear from the record itself. The final order states, that the appeal is dismissed "for the reasons set forth in the opinion filed in said cause." The opinion of the Appellate Court is not a part of the record. (*Fuller* v. *Bates*, 96 Ill. 132; *Coalfield Co.* v. *Peck*, 98 id. 139.) It was improper to refer in this way to a document which was

not in the record, nor could it be made a part of the record by such reference.

Upon looking back to see what the motion theretofore entered in the cause was, we find an entry that, on the 3d day of September, 1888, the appellees come by their attorneys, "and move the court to set aside the order taking this case under advisement, and to dismiss the appeal in said cause *for the reasons on file in their written motion,*" etc.; and another entry on September 7, 1888, which recites, that the court "allows the motion to set aside the order taking the case under advisement, and reserves the motion to dismiss for the final decision in the case." These two entries contain all the information there is in the record as to the reasons for the motion to dismiss. The *"written motion,"* referred to in the entry of September 3, 1888, which appears to have been filed, and which appears to have contained the *"reasons"* in question, has not been copied into this record by the clerk of the Appellate Court; and hence the present case is unlike the case of *Randolph* v. *Emerick,* 13 Ill. 344, where the record entry of the motion showed upon its face, that the reason for making the motion was embodied in the motion itself.

If the reasons of the Appellate court for dismissing the appeal were based upon facts outside of the record and occurring after the decree of the Circuit Court, from which the appeal was taken, had been rendered, it was improper to consider such facts as operating as a release of errors, unless they had been pleaded as such release. (*Kern* v. *Zink,* 55 Ill. 449; *Trustees of Schools* v. *Hihler,* 85 id. 409.) Where a party accepts the benefit of a decree, he cannot afterwards prosecute error to reverse it; such acceptance operates as an estoppel and may be treated as a release of errors, but, in an appellate court, matter operating as a release of errors must be set up in a plea to the assignment of errors. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Thomas* v. *Negus,* id. 700; *Holt* v. *Rees,* 46 Ill. 181; *Corwin* v. *Shoup,* 76 id. 246.)

An issue of fact will not be tried by an appellate court. If the issue be upon *nul tiel record*, or, in other words, if the evidence to be introduced is matter of record, the issues may be tried in the appellate court; but if the evidence rests in parol, the issue will be sent to the Circuit Court, or some other appropriate court, to be tried. (*People* v. *Young,* 40 Ill. 87; *People* v. *Supervisors, etc.* 40 id. 87; *Austin* v. *Bainter,* 40 id. 82.)

Upon examination of the record brought from the Circuit Court to the Appellate Court, we see no reason therein for dismissing the appeal by the latter court.

Counsel for appellees claim that a freehold was involved in the case, and that, for this reason, the appeal was properly dismissed.

On April 27, 1881, William B. Finney and Helen R. Finney, his wife, conveyed the 120 acres in controversy in this suit to the appellants Lawrence Moore and Margaret Moore, his wife, the latter being the daughter of William B. Finney. The deed contained the following provisions to-wit: "The consideration of this deed is that the grantees herein shall provide for the wants of, and take care of, the grantors during their natural lives. It is further agreed that this deed is not to exclude H. R. Finney, wife of the said William B. Finney, of her rights under and by virtue of the homestead laws of this State."

William B. Finney died intestate on May 25, 1881, leaving Helen R. Finney in possession of said land. She continued in such possession until April 10, 1887, when she married A. D. W. Williams, and moved away from the premises to the home of said Williams, where she continued to reside with him for about one year.

The original bill in this case was filed by the appellants, Lawrence and Margaret Moore, against Helen R. Williams and Jack Adams, her tenant, the appellees herein, for the purpose of extinguishing the homestead right of Helen R. Williams on the ground that she had abandoned her homestead, or, in case there was not such an abandonment, for the purpose of

setting off her homestead. After answering the original bill, Helen R. Williams filed her cross-bill against the Moores alleging, that the land had been conveyed to them in pursuance of a contract between them and her first husband and herself, by the terms of which they agreed to take care of her and her husband and provide for their wants during their lives, etc., that the Moores had wholly failed to keep their contract, and that she has been cared for and supported by her friends and by her own efforts; and praying that an accounting be had to determine the amount due her from the Moores on account of their failure so to provide for her, and that they be required to pay said sum, and, in default thereof, that the same be a lien on the land, and that the land be sold, etc. After demurrer overruled, the Moores answered the cross-bill, denying all its allegations.

The decree of the Circuit Court found that appellee had abandoned her homestead, and ordered that all her homestead interest in the premises be extinguished, and that the appellants be invested with the title, and be put in possession, etc., but the decree also found that the allegations of the cross-bill were sustained by the proofs, and that there was due to appellee from the Moores the sum of $600.00 for failure to provide for her wants and take care of her from May 25, 1881, to April 10, 1887, and ordered that they pay her this sum within thirty days, and that the same be a lien on the land, and that, in default of payment, the premises be sold, etc.

We pass no opinion upon the correctness or incorrectness of this decree, or of the pleadings, or of the issues made thereon.

The decree further provides "that any of the parties to this suit may have an appeal from this decree upon entering into bond," etc. The appellee, Helen R. Williams, took no appeal from the decree. The Moores, appellants here, took an appeal therefrom to the Appellate court.

The position of appellees is, that the question involved in the case was whether Mrs. Williams had a homestead in the land

or not, that a homestead estate is a life estate, and, therefore, a freehold, and that the appeal ought to have been taken from the Circuit Court to this Court, instead of being taken to the Appellate Court. If it be admitted that a freehold was thus involved, it does not follow that the Appellate Court had no jurisdiction to pass upon the matters submitted to it by the appeal.

The suit below was a double suit. One issue was made upon the original bill and answer. The issue so made was whether Mrs. Williams had a homestead or not. The decree found this issue against her and in favor of the Moores. Another issue was made upon the cross-bill and the answer thereto. The issue so made was whether anything was due Mrs. Williams on an accounting, and, if so, how much. The decree found this issue in her favor and against the Moores.

The Moores only appealed from that part of the decree, which found against them on the issue made by the cross-bill. They did not appeal from that part of the decree, which found in their favor upon the issue made upon the original bill. It is true that the decree does not distinguish as specifically as it ought to do between the original suit and the cross-suit. But the language of the appeal bond given by the Moores, and the errors assigned by them in the Appellate Court, show clearly, that they only appealed from the part of the decree requiring them to pay $600.00, the amount found due on the accounting prayed for in the cross-bill. The portion of the decree, disposing of the issue made as to the homestead on the original bill, was not before the Appellate Court. No freehold was involved in the issue presented to the Appellate Court by the assignments of error. The first assignment of error is, that the Circuit Court overruled the demurrer to the cross-bill; the second, that it did not dismiss the cross-bill; the 3d, 4th, 5th, 6th and 7th, that the decree requiring the payment of $600.00 was wrong in certain specified particulars. The appeal properly lay to the Appellate Court from a decree ordering the payment of a specific sum of money. Nor can it be said that an

acceptance by appellants of the relief granted to them on the original bill was in any sense a waiver of their right to ask for a review of the decree granting to appellee the relief asked by her cross-bill.

This court has lately held, "that, although a freehold may have been involved in the suit, and in the decree therein rendered, yet, if no objection is taken to that part of the decree relating to the freehold, an appeal or writ of error that brings up another part of the same decree, having no relation to the question of freehold, will not lie to bring the record directly from the Circuit to the Supreme Court." (*Malaer* v. *Hudgens,* 130 Ill. 225.)

But we are forced to dismiss the present appeal from the Appellate Court, however erroneous may have been the action of the latter court in dismissing the appeal to it from the Circuit Court, for the reason that the amount involved is less than $1000.00. In such case, by the terms of section 8 of the Appellate Court Act, where "the judgment is affirmed, *or otherwise finally disposed of* in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final and no appeal shall lie or writ of error be prosecuted therefrom." If this decree of the Circuit Court, which is for an amount less than $1000.00, had been affirmed by the Appellate Court, we would have no jurisdiction to review such judgment of affirmance, except upon a certificate of importance granted by the Appellate Court judges. We can see no reason why we should entertain jurisdiction of the matter because the Appellate Court has disposed of the decree of the circuit court by dismissing the appeal from that decree, instead of passing upon its validity. As well by dismissing the appeal, as if it had affirmed or reversed the action of the trial court, the Appellate Court has disposed of a decree involving less than $1000.00. We have no more jurisdiction in the one case than in the other. The appeal from the Appellate Court is, therefore, dismissed.

*Appeal dismissed.*