The Ohio and Mississippi Railway Company

*v.*

Richard Wangelin, Admr.

*Filed at Mt. Vernon October 22, 1894.*

1. Judgment—*of Appellate Court—findings of facts implied.* The simple affirmance by the Appellate Court of the judgment of the trial court, without any recital of facts found, implies that the Appellate Court found the facts the same way the trial court found them.

2. Appeal—*from Appellate Court—question presented.* On an appeal from the Appellate Court to the Supreme Court the question presented is whether the judgment of the Appellate Court is correct, and not whether that court, in its opinion, gave proper reasons for its judgment. The opinion of the Appellate Court is no part of the record.

3. Evidence—*insufficient to warrant recovery—how availed of.* To raise the question whether the evidence introduced at the trial fairly tended to show a liability, the defendant should either demur

to the evidence, move to exclude it, or move to instruct the jury to find for the defendant. Such question cannot be raised for the first time in a court of review.

4. INSTRUCTIONS—*must not 'take facts from jury.* Negligence is a question of fact, for the jury, and an instruction which invades the jury's province by telling them that a certain fact specified "is not sufficient to establish negligence," ignoring other facts proved, is erroneous, and is properly refused.

5. SAME—*as to measure of damages to next of kin.* The statute which provides for actions for the benefit of the widow and next of kin of one whose death is caused by a wrongful or negligent act, does not require that the evidence should afford *data* from which the extent of the pecuniary loss "can be ascertained with reason-able certainty," etc., and an instruction that unless such proof has been made plaintiff can only recover nominal damages, is properly refused.

6. TRIAL—*improper remarks of counsel.* It is improper for counsel to say to the jury that the other side had excused a juror because said juror had employed deceased, and knew him, etc., and the trial court should orally instruct the jury to disregard such a state-ment; but such error will not reverse where the remark is at once withdrawn, and the court offers to instruct the jury, in writing, to disregard it.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. POLLARD & WERNER, for the appellant.

Messrs. TURNER & HOLDER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

In this suit Richard Wangelin, administrator of Frank O. Wangelin, deceased, recovered in the St. Clair circuit court a judgment for $2000 damages, against the Ohio and Mississippi Railway Company, for negligently caus-ing the death of his intestate. The judgment was af-firmed, on appeal, in the Appellate Court for the Fourth District. This further appeal was then taken.

The judgment rendered by the Appellate Court is a simple judgment of affirmance that the judgment of the

trial court "be affirmed in all things," and in it there is no recital of the facts found by the Appellate Court. The affirmance of the judgment therefore implies that the Appellate Court found the facts the same way that the trial court found them, and this finding is, under the statute, conclusive on this court.     *Mann* v. *McKiernan,* 110 Ill. 19; *Miller* v. *Insurance Co.* id. 102; *Mutual Aid Association* v. *Hall,* 118 id. 169; *Montgomery* v. *Black,* 124 id. 57; *Hamburg-American Packet Co.* v. *Gattman,* 127 id. 598; *Chicago and Alton Railroad Co.* v. *Kelly,* id. 637; *Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 id. 547.

The brief of appellant is largely devoted to a criticism of the opinion filed in the Appellate Court. That opinion is not a part of the record.     (*Fuller* v. *Bates,* 96 Ill. 132; *Coalfield Co.* v. *Peck,* 98 id. 139; *Harzfeld* v. *Converse,* 105 id. 534; *Cummins* v. *Holmes,* 109 id. 15; *Moore* v. *Williams,* 132 id. 591.)     Here no opinion even appears in the transcript of the record of that court that was certified to this court.     Our concern is with what it decided, not with the reasons it gave for its decision; and to determine what it decided, we must look at the judgment it rendered.     We there find that it affirmed the judgment of the circuit court "in all things."     This court would have no right to reverse a judgment of that court because of the reasons it assigned for its judgment.     *Christy* v. *Stafford,* 123 Ill. 463; *Dunham Towing and Wrecking Co.* v. *Dandelin,* 143 id. 409.

The question of law whether the evidence introduced at the trial fairly tended to show that the plaintiff had a cause of action and should be permitted to go to the jury, was not raised by either a demurrer to the evidence, a motion to exclude the evidence from the jury, or a motion to instruct the jury to find the issues for the defendant. As no such question was either submitted to or decided by the circuit court, it could not afterwards be raised, and for the first time, in a court of review.     *Doane* v. *Lockwood,* 115 Ill. 490; *Cothran* v. *Ellis,* 125 id. 496; *Bartelott* v.

*International Bank,* 119 id. 259; *Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 id. 59; *Dunham Towing and Wrecking Co.* v. *Dandelin,* 143 id. 409.

The declaration herein contained two counts. The first count charged that the deceased was crushed between two cars while attempting, as a brakeman, to make a coupling, owing to a defective draw-bar, of which appellant had notice, which broke and thus permitted the cars to come together, at which time the deceased was in the exercise of due care. The second count was substantially like the first, except that it charged the additional fact that the draw-bar of one car was so much higher than the other, that when the cars came together one draw-head passed under the other, and thus the bodies of the cars came together and crushed and killed the deceased. The court refused to instruct the jury "that the mere fact that a draw-bar of a car breaks when struck by another car in motion, is not sufficient to establish negligence on the part of the company using such car." The refusal of the court was not error. The question of negligence was a question of fact, and the proffered instruction was an invasion of the province of the jury, in that it assumed to take from the jury the decision of that question of fact, and decide for them, as matter of law, that certain specified evidence was not sufficient to establish such fact. It was also objectionable because it singled out a particular fact, and told the jury that such fact alone would not warrant a recovery, thereby ignoring, and virtually excluding from the consideration of the jury, all the other facts in evidence and all the surrounding circumstances. *Crain* v. *National Bank,* 114 Ill. 516.

The court also refused to give the following instruction:

13. "The court instructs the jury, that no evidence having been introduced from which it can be ascertained, with any reasonable degree of certainty, to what extent

the decedent's sister has suffered pecuniary loss by reason of the killing of her brother, Frank Wangelin, your verdict, if for the plaintiff, can only be for nominal damages."

There was no error in refusing the instruction. It is not required that the evidence shall afford *data* from which the extent of the pecuniary loss can be ascertained with a reasonable degree of certainty. The statute says that "the jury may give such damages as they shall deem a fair and just compensation." (Chap. 70, sec. 2.) In *Chicago and Alton Railroad Co.* v. *Shannon*, 43 Ill. 338, this court said: "How this pecuniary damage is to be measured,—in other words, what is to be the amount of the verdict,—must be largely left (within the limits of the statute) to the discretion of the jury. The legislature has used language which seems to recognize the difficulty of exact measurement, and commits the question especially to the finding of the jury." And similar language has been used in numerous subsequent cases. In *City of Chicago* v. *Hesing*, 83 Ill. 204, it was said: "When proof is made of the age and relationship of the deceased to next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experiences in relation to matters of common observation." And in *City of Chicago* v. *Keefe*, 114 Ill. 230, this language was used: "The question is, in its nature, incapable of exact determination, and the jury should therefore calculate the damages in reference to a reasonable expectation of benefit, as of right, or, otherwise, from the continuance of the life. Parents, and even brothers and sisters, might reasonably expect, in many ways, to derive pecuniary benefit from the continued life of the intestate, as of grace and favor, if not of right, at any age of life, and our statute imposes the duty of support, in the event of their becoming paupers, of the parent by the child, and of one brother or sister by another brother or sister." It is true that in *City of Chicago* v. *Scholten*, 75 Ill. 468, and in a number

of other cases, this court has said, that when the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages, only. But such a case is not the case here. The evidence is, that the sister of the deceased has no father or mother or sister living, and that the deceased was her only brother; that she is partially earning her own living, and that the dead brother was twenty-two years old when killed, had been working for wages ever since he was seventeen years old, was earning $50 per month, and had contributed to the sister's support.

In the argument of the case before the jury, counsel for appellee said : "Mr. Werner excused Mr. Joseph, one of the jurors, because he once employed Wangelin at a threshing machine, and knew how well he was able to work." The remark was improper. The court had the right to orally instruct the jury to disregard the statement, and should have complied with the request of opposite counsel made in that behalf. But the court seems to have been of opinion it could not so instruct orally, and so announced, and asked the mover of the instruction to reduce it to writing, but he declined so to do and took an exception. Meantime, counsel for appellee had withdrawn the remark, by explaining that he had made it through mistake, and did not want the jury to take it as testimony. We are unable to see that this proceeding before the court and the jury affords sufficient cause for reversing the judgment.

There being no material error of law in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Phillips, having heard this case in the Appellate Court, took no part in its decision here.