Second District—August, 1913.        623

Swengel v. La Salle County Carbon Coal Co., 182 Ill. App. 623.

# Alfred M. Swengel, Administrator, Appellee, v. La Salle County Carbon Coal Company, Appellant.

## Gen. No. 5,725.

1. DEATH, § 66*—*calculation of damages to mother.* Jury in calculating the damages with reference to the loss sustained by the mother of the deceased may take into consideration a reasonable expectation of pecuniary benefit from the continuance of his life, as of grace or favor, if not of right.

2. DEATH, § 45*—*when evidence that other men were killed admissible.* Evidence that the falling of pipes which killed deceased killed other men at the same instant and that the body of one of the men had to be cut to remove the pipe, *held,* admissible as part of the *res gestae* and because it served to show the weight and force with which the pipes struck deceased.

3. MASTER AND SERVANT, § 378*—*when servant does not assume the risk.* Servant lowered on an open platform in the shaft of a mine to remove iron pipes, *held,* not to assume the risk of being injured by them falling upon him when he did not know how the pipes were to be removed before being lowered.

4. MASTER AND SERVANT, § 626*—*evidence admissible to show master was warned of unsafe method of work.* Testimony of a witness that he told the foreman who had charge of the work that his plan was unsafe, *held,* competent to show that the master was warned of the danger before the work began.

5. MASTER AND SERVANT, § 627*—*when opinions as to manner of doing work inadmissible.* Foreman of defendant cannot testify to his opinion whether the manner of doing the work was a safe and proper way when it is not shown that he had previous experience in doing such work.

6. JUDGMENTS, § 445*—*when suit under Mines and Miners' Act no bar for wrongful death.* Judgment in favor of defendant in an action by the mother of the deceased under Mines and Miners' Act, no bar to an action by administrator for wrongful death under R. S. ch. 70, J. & A. ¶ 6185.

7. APPEAL AND ERROR, § 1514*—*when improper remark of counsel not reversible error.* Improper remark of counsel in argument to the jury, interrupted before completed, *held,* not reversible error where objection was sustained and counsel withdrew the remark.

Appeal from the Circuit Court of La Salle county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

624    APPELLATE COURTS OF ILLINOIS.

Swengel v. La Salle County Carbon Coal Co., 182 Ill. App: 623.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

BROWNE & WILEY and J. L. MURPHY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Hakan Bengston, son of Bengst Hakanson and Elna, his wife, was killed while in the employ of the La Salle County Carbon Coal Company, by the falling of certain iron pipe upon him in its shaft. This suit was brought to recover for injury to the means of support of his next of kin, and in the original declaration his mother was stated to be his only next of kin. The general issue and a special plea were filed. The declaration was afterwards amended by changing the name of the administrator and by charging that the next of kin, injured in their means of support by his death, were his mother and a brother and two sisters. The general issue and special pleas were filed to the amended declaration. The second plea was the statute of limitations and issue was joined upon that and upon the general issue. A demurrer was sustained to the third plea and appellant elected to abide by that plea. The action was brought under chapter 70 of the Revised Statutes (J. & A. ¶ 6185), authorizing compensation for causing death by wrongful act, neglect or default, and it is sufficient to say of the declaration that in various counts it charged appellant with negligence in various respects, and is sufficient to sustain the judgment. Plaintiff had a verdict for forty-five hundred dollars, remitted fifteen hundred dollars and had judgment for three thousand dollars, and defendant below appealed therefrom, and we affirmed the judgment, and afterwards granted a rehearing.

Appellant had sunk a shaft over five hundred feet, and had made openings into the coal. The shaft was divided by a partition or bunting across the center of the shaft. Water accumulated in the sump at the

bottom of the shaft, and to remove this water a pump had been installed at the bottom, and a line of iron pipe about four hundred and fifty feet long had been erected, extending from the pump to the surface of the ground on top. The pipe was four inches in diameter and in sections of from eighteen to twenty-two feet in length. These lengths of pipe were screwed together, and there was a shoulder on one end of each section of pipe. This line of pipe rested on a plank foundation at the bottom of the shaft and was run up on the side of the bunting. The upper one hundred and twenty-five feet and the lower one hundred feet were single strength, while three hundred and fifteen feet in the center was double strength pipe. The mine had not yet been opened for work, and the ordinary cage of a mine could not be operated on that side of the shaft while the pipe was in that position, and it was necessary to move this pipe into one corner of the shaft. The double strength pipe had been fastened to the side of the bunting by at least four clamps and the line of pipe was fastened at the top and rested on a plank at the bottom as before stated. The boss, in charge of the work of removing this pipe, fastened chains around the shoulder of the top length of the double strength pipe and attached these chains to the woodwork of the bunting, and then unfastened and took out of the mine the single strength pipe at the top and at the bottom, leaving the double strength pipe in the center with nothing to support it except the chains and the clamps. The boss intended to detach this double strength pipe from the bunting to which it hung, and swing it around into the corner of the shaft. The men who did the work of removing the single strength pipe at the bottom were upon an uncovered platform lowered towards the bottom of the shaft. Bengston was one of these men. Near the bottom of the double strength pipe was a cleat and these men were removing that cleat, under the direc-

626    Appellate Courts of Illinois.

Swengel v. La Salle County Carbon Coal Co., 182 Ill. App. 623.

tion of the boss, when the chain and clamps, the sole support of the double strength pipe, gave way. The several lengths of pipe separated and fell down the shaft and upon this uncovered platform, and a number of men, including Bengston, were killed.

Spowart was the boss in charge of the work. A witness was permitted to testify that Spowart told him how he was going to remove the pipe, and that the witness told Spowart that it was not safe to do it in that way. Spowart represented appellant, and planned and ordered the work, and what was said to Spowart was said to appellant, and this was merely proof that appellant was warned of the danger before the work was begun, and such proof was competent. Appellant was not permitted to have Spowart testify to his opinion whether this was a safe and proper way to remove the pipe. It was not shown that Spowart had ever moved pipe in a shaft before, or that any pipe had ever been moved in that way in a shaft before, and he was not asked if he had ever had any previous experience of that kind, and no foundation was laid for the introduction of expert testimony by Spowart on that subject, and the ruling was correct. The proof showed the killing of other men beside Bengston at that same instant, and that one of these lengths of pipe was driven through the body of another man and into the timbering of the shaft, so that it was necessary to cut the body of that man in two to remove the pipe. This all occurred at the same instant and was a part of the *res gestae,* and served to show the weight of the pipe and the force with which the pipe struck these men on that platform. We are of the opinion that appellant was not injured by the introduction of this proof, even if the fact that the body of another man had to be cut in two in order to remove the pipe, could have been omitted. We find no reversible error in any other ruling of the court upon the evidence. Appellee's counsel, in argument to the jury, began a sentence with the statement that

American corporations have little regard for human lives. He was interrupted in the midst of the sentence by an objection by appellant, and did not finish the sentence. The court sustained the objection and counsel for appellee withdrew his remark and appellant has no ruling adverse to it on that subject. Appellee's counsel should have made no reference to other corporations. However, appellant was a corporation and the evidence made it legitimate for appellee's counsel to argue to the jury that appellant was regardless of human life when it placed Bengston on an uncovered platform below this heavy double strength pipe and then removed the support thereof from underneath. Other remarks by other counsel for appellee were objected to by appellant and the objections were sustained, except in one instance, and we find no warrant for disturbing the verdict in such language of counsel for appellee.

The court gave twenty-three instructions requested by appellant, fully setting forth the law from appellant's stand point. The thirty-fourth instruction requested by appellant, and refused, was clearly embodied in given instructions. Appellant requested, and the court refused, instruction No. 38, which was framed to tell the jury that Bengston was presumed to have had knowledge of the risks which he took, and the hazards thereof, in that particular employment. There was no evidence that Bengston or the other servants of appellant on the platform, when they were lowered into the bottom of that shaft, knew how the pipe was to be removed, nor that they knew it after they had been lowered below the double strength pipe, but if they then saw what was being attempted, and the danger, they had no adequate means of escaping. They were in the lower part of the shaft below the heavy pipe. There is nothing to show that they knew how well or poorly it was supported after the foundation had been removed, and they had no means of leaving the shaft till appellant caused the platform

628    Appellate Courts of Illinois.

Swengel v. La Salle County Carbon Coal Co., 182 Ill. App. 623.

to be lifted. The court properly refused to instruct the jury that Bengston was presumed to have known the risks and the hazards, under those circumstances. The question whether he did know the hazards was submitted to the jury by a given instruction requested by appellant.

It is argued that the damages are excessive. The mother of the deceased lived in Sweden and was quite old. Bengston, her son, was unmarried, and left Sweden when he was about twenty-six years of age. He was accustomed to write to his mother about twice a year and had sent her money several times. The mother testified that before he left Sweden, where she lived, he gave her full power to take what she might need for her support, from his money deposited in a certain savings bank there. Appellant obtained a ruling by the court, striking out this last statement. Having done so, it ought not to complain of a lack of evidence in that regard. The court instructed the jury, at the request of appellant, that no recovery could be had for any pecuniary loss suffered by any brother or sister of deceased, evidently because there was no proof that the brother and sisters named in the amended declaration had in fact received any support from deceased. The mother of deceased might reasonably expect in many ways to derive pecuniary benefit from the continued life of her son, as of grace and favor, if not of right, at any age of life, and the jury were therefore authorized to calculate the damages with reference to a reasonable expectation of benefit to the mother, as of right or otherwise, from the continuance of his life. *City of Chicago v. Keefe,* 114 Ill. 222; *Ohio & M. Ry. Co. v. Wangelin,* 152 Ill. 138; *Baltimore & O. S. W. Ry. Co. v. Then,* 159 Ill. 535. We are not able to say that the judgment is excessive.

The third plea to the amended declaration alleged that this action was brought to recover for the pecuniary loss suffered by Elna Hakanson, mother of de-

ceased, by reason of his death.   It averred that she, on July 24, 1908, sued appellant, in the Circuit Court of La Salle county, under the provisions of chapter 93 of the Revised Statutes, relating to "Mines and Miners," and that on February 10, 1911, on a jury trial, appellant recovered a judgment against her in that action for its costs, which judgment is still in full force; that thereafter she sued out a writ of error to the Appellate Court, where said judgment of the Circuit Court of La Salle county was affirmed, and that thereafter said cause was removed to the Supreme Court upon a certificate of importance and an appeal perfected by said Elna Hakanson, and that said cause is now pending and undetermined in the Supreme Court; that said action was brought to recover damages which she had suffered by reason of the death of said Bengston in said mine, which death was, in the declaration in said cause, alleged to have been caused by the wilful violation of said statute relating to mines and miners, and that the death was the same death alleged in the declaration in this cause; and that each of said suits was founded upon the supposed wrong of appellant whereby the death of Bengston was caused, and that each action was to recover damages Elna Hakanson had suffered by the death of said Bengston.   Appellant concedes that the demurrer to this plea was properly sustained because it amounts to the general issue. At the trial, the parties stipulated all the facts concerning the former suit, and appellant offered that stipulation in evidence and the court sustained an objection thereto.   The question is thereby presented whether said former suit is a bar to this action.   The former suit was for a wilful violation by appellant of the statute relating to mines and miners.   In that case, the Circuit Court, at the close of all the proof, instructed the jury to find appellant not guilty, for the reason, as the present record shows, that this was not a coal mine, and that the act relating to mines and miners did not apply; and that ruling was affirmed in the Appellate and in

the Supreme Courts on the same ground. Our opinion is found in *Hakanson v. La Salle County Carbon Coal Co.*, 168 Ill. App. 147, and since the trial of this cause, our judgment has been affirmed by the Supreme Court under the same title, but at the time of filing this opinion a petition for a rehearing is pending in that cause in that court. The present suit has no reference to that statute, but is brought for the negligence of appellant under the statute relating to personal injuries, being chapter 70 of the Revised Statutes (J. & A. ¶ 6185.) As the other suit was for a wilful violation of a statute and this suit is for common law negligence under another statute, the cause of action is not the same. The mother was plaintiff there, and the administrator is plaintiff here. The administrator could not recover for the cause of action alleged in the first suit, as this death occurred before the present mining act was adopted, and the mining act then in force gave the cause of action to the widow, etc., in case of death. The mother could not have maintained this suit under chapter 70 in her own name. There is, therefore, no identity of parties. A count for violation of the mining act could not have been maintained in this declaration, because at the time of the death the right of action did not rest in the administrator. A count for common law negligence could not have been added to the declaration in the former suit, because a right of action for common law negligence did not rest in that plaintiff. As there is neither identity of cause of action nor of parties, the former judgment is not a bar. The fact that the mother mistook her remedy and brought suit under a statute which was not applicable to the case did not prevent her from afterwards prosecuting, through an administrator, the cause of action which another statute gave to the administrator for the benefit of the next of kin. We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*