MARY SIXBY, Defendant in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. PRACTICE—*writ of error lies to Appellate Court if question of validity of statute first arises there.* If the validity of a statute is first involved in the Appellate Court a writ of error lies to that court from the Supreme Court, as no other method of review is provided by the statute.

2. SAME—*when question of validity of a statute may be first raised in Supreme Court.* If the validity of a statute does not become involved until after the case reaches the Appellate Court, the question of such validity may be raised in the Supreme Court on writ of error.

3. SAME—*Supreme Court may look into opinion of Appellate Court for certain purposes.* The Supreme Court may look into the opinion of the Appellate Court for the purpose of ascertaining the questions considered and how they were disposed of.

4. SAME—*opinion of Appellate Court is a part of the files of the case.* The opinion of the Appellate Court, since the amend-

ment in 1885 of section 34 of the Appellate Court act, is a part of the files of the case, and while error cannot be assigned upon it, it is the source from which to determine the reasons for the decision and judgment.

5. Same—*the constitution requires practice and procedure of courts of same grade to be uniform.* Section 29 of article 6 of the constitution requires the proceedings and practice of all courts of the same class or grade, so far as regulated by law, to be uniform, and any provision of a statute affecting the procedure or practice of the Appellate Court or Supreme Court which is in conflict with such provision of the constitution is void.

6. Constitutional law—*provision of the Municipal Court act concerning judicial notice of rules is void.* The provision of section 20 of the Municipal Court act requiring the Supreme Court and the Appellate Court to take judicial notice of the rules of practice in force from time to time in the municipal court is void as in violation of section 29 of article 6 of the constitution, in that the rules of practice of other courts must be made a part of the bill of exceptions in order to bring them to the attention of the Supreme Court or Appellate Court.

Writ of Error to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. Henry C. Beit-ler, Judge, presiding.

Warren D. Bartholomew, and Charles LeRoy Brown, (Leonard A. Busby, of counsel,) for plaintiff in error.

Thomas E. Rooney, and Ferdinand Goss, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

Mary Sixby, defendant in error, recovered a judgment in the municipal court of Chicago against the Chicago City Railway Company, plaintiff in error, for $2500 damages on account of personal injuries. Plaintiff in error appealed to the Appellate Court for the First District, and Branch "D"

of that court heard the appeal. The plaintiff in error assigned for error that the oral charge of the municipal court to the jury was erroneous, and the record showed that the plaintiff in error duly excepted to the charge, as the Practice act required when the trial took place, on July 7, 1910. On March 13, 1913, an opinion was filed holding that the damages allowed were excessive, refusing to consider the errors assigned as to the correctness of the oral charge by reason of section 20 of the act in relation to the municipal court of Chicago, and ordering that if the defendant in error should within ten days file a *remittitur* of $1000 the judgment would be affirmed, otherwise the judgment would be reversed and the cause remanded. On the same day a judgment was entered finding that in the record and proceedings there was manifest error in the amount of the judgment, and ordering that upon defendant in error filing a *remittitur* within ten days in the sum of $1000 the judgment should be affirmed as to the remainder, otherwise the judgment should be reversed and the cause remanded. On March 28, 1913, another order was entered reciting that the defendant in error had remitted the sum of $1000, and, without any finding that there was no remaining error in the record, the judgment was affirmed for the sum of $1500. Plaintiff in error sued out a writ of error from this court, and has assigned for error that section 20 of the act in relation to the municipal court of Chicago, which was the basis of the refusal to consider errors assigned, is unconstitutional and void.

Section 11 of article 6 of the constitution provides for the creation of inferior appellate courts of uniform organization and jurisdiction, upon which jurisdiction may be conferred and from which appeals and writs of error shall lie to this court in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved. The General Assembly has not conferred upon the

Appellate Court jurisdiction in cases involving the validity
of a statute, nor has it made any provision for taking an
appeal from the Appellate Court to this court where the
question of the validity of a statute first arises in the Ap-
pellate Court, but a writ of error is a writ of right in all
actions at the common law, where the statute provides no
other method of review.   Section 121 of the Practice act,
which provides for the allowance by this court of writs of
*certiorari* for the review of cases determined in the Ap-
pellate Court, expressly excepts all cases wherein appeals
and writs of error are specifically required by the consti-
tution of the State to be allowed from the Appellate Court
to this court, and there being no other method of review
provided, a writ of error may be sued out from this court
in any case where the validity of a statute was first involved
in the Appellate Court.   In such a case the question of the
validity of a statute can be raised in this court, because it
did not exist until after the case reached the Appellate
Court.   (*Jones* v. *Chicago, Rock Island and Pacific Railway
Co.* 231 Ill. 302; *Hecker* v. *Illinois Central Railroad Co.*
id. 574; *Hayward* v. *Sencenbaugh,* 235 id. 580; *Clowry* v.
*Holmes,* 238 id. 577.)   In all these cases constitutional
questions arose after the case reached the Appellate Court.

Section 20 of the act establishing a municipal court
contains the following:   "The Supreme Court and the Ap-
pellate Court, in cases brought to them from the municipal
court, by appeal or writ of error, shall take judicial notice
of the rules of practice from time to time in force in said
municipal court."   No rule of the municipal court was con-
tained in the record before the Appellate Court, but it ap-
pears from the opinion filed that the Appellate Court took
judicial notice that there was at the time in force in the
municipal court rule No. 8, requiring objections to oral in-
structions to be specific and to be made immediately upon
the conclusion of the charge and before the jury retired.

The bill of exceptions recited that to the giving of the instruction the plaintiff in error, by its counsel, then and there duly excepted, but it did not state that the specific objection was made immediately upon the conclusion of the charge and before the jury retired. It has been settled by many decisions that we will look into the opinion of the Appellate Court for the purpose of learning the questions considered and how they were disposed of. *Chicago City Railway Co.* v. *Mead,* 206 Ill. 174; *Penn Plate Glass Co.* v. *Rice Co.* 216 id. 567; *Ohio Oil Co.* v. *Scott,* 241 id. 448.

In the case of *Fuller* v. *Bates,* 96 Ill. 132, the Appellate Court for the Second District affirmed a judgment of the circuit court of Grundy county and granted an appeal to this court. The amount involved was less than $1000 and the Appellate Court failed to make any certificate of importance. It was held that the opinion of the Appellate Court stating the grounds upon which the appeal was allowed could not take the place of the certificate required by the statute, and that the opinion could not be regarded as any part of the record, because in cases where the Appellate Court affirmed judgments the statute did not require any opinion to be filed.

In *Coalfield Co.* v. *Peck,* 98 Ill. 139, the Appellate Court reversed the judgment of the circuit court of Will county without remanding the cause and without any finding of facts different from the finding of the circuit court. The statute required the court to recite in its final order of judgment the facts as found if they differed from the facts as found by the trial court, and it was held that the finding must be part of the judgment, and the opinion could not be considered to show that the Appellate Court took a view of the facts different from the circuit court. Afterward, in 1885, section 34 of the act to establish Appellate Courts was amended so as to require all opinions or decisions of the court upon the final hearing of any cause to be reduced

to writing by the court, briefly giving therein the reasons
for such opinion or decision, and requiring such written
opinions to be filed in the cases in which they were ren-
dered.   After that amendment an appeal was taken from
the Appellate Court where the amount involved was less
than $1000.   The appeal was dismissed because this court
had no jurisdiction, but it was said to be improper for an
order of the Appellate Court dismissing an appeal to refer
to the opinion of that court for the reasons.   The discussion
about the opinion was beside the question before the court
and the amendment was not noticed.   *Moore* v. *Williams,*
132 Ill. 591.

The opinion of the Appellate Court in every case is a
part of the files of the case, and while there has been no
occasion, since the amendment, to consider its relation to
the record, and error cannot be assigned upon it, it is the
source from which to determine the reasons for the deci-
sion and judgment.

Section 29 of article 6 of the constitution declares: "All
laws relating to courts shall be general, and of uniform
operation; and the organization, jurisdiction, powers, pro-
ceedings and practice of all courts, of the same class or
grade, so far as regulated by law, and the force and effect
of the process, judgments and decrees of such courts, sev-
erally, shall be uniform."   Any provision of a statute af-
fecting the procedure or practice of the Appellate Court
or this court, in conflict with that provision of the consti-
tution, is void.   (*People* v. *Hibernian Banking Ass'n,* 245
Ill. 522; *Lassers* v. *North-German Lloyd Steamship Co.* 244.
id. 570; *Clowry* v. *Holmes, supra.*)   Neither the Appellate
Court nor this court takes judicial notice of the rules of
practice from time to time in force in any other court than
the municipal court, (*Anderson* v. *McCormick,* 129 Ill.
308,) and that is the rule of other courts.   (3 Cyc. 179;
17 Am. & Eng. Ency. of Law,—2d ed.—923; *Rout* v.

*Ninde,* 118 Ind. 123; *Cherry* v. *Baker,* 17 Md. 75.) The Appellate Court, in all cases coming from any court except the municipal court, cannot, under established rules of practice, take judicial notice of the rules of the trial court, but they must be made a part of the record by a bill of exceptions and cannot be shown to the court in any other manner. By section 20 an attempt was made to destroy uniformity in the procedure and practice of the Appellate Court and this court in cases coming from the municipal court, and the provision is in conflict with the constitution. In *City of Chicago* v. *Williams,* 254 Ill. 360, the decision was that a statute declaring that a court shall take judicial notice of some fact relates to the practice in that court, from which it would necessarily follow that section 20 is a regulation of practice in the Appellate Court. But whether a statute, such as section 20, relates to practice or procedure in the Appellate Court or this court, it is void if it creates a want of uniformity in either, since both are within the constitutional provision.

The charge was upon a single question and is printed in the abstract in a single sentence, so there was no necessity of pointing out some particular part of the charge which was excepted to. The plaintiff in error having duly excepted to the charge of the court in the manner required under the practice as to all other courts, was entitled to consideration by the Appellate Court of the errors assigned.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the errors assigned without regard to section 20, which is herein held to be in violation of the constitution.

*Reversed and remanded, with directions.*