## Louis Glickman, Defendant in Error, v. Henry Shallat and Samuel Stein, Plaintiffs in Error.

### Gen. No. 18,524.

1. Brokers, § 3*—*license.* There is no statute requiring a real estate broker to have a license.
2. Appeal and error, § 1038*—*judicial notice ordinances.* The Appellate Court cannot take judicial notice of ordinances.

Error to the Municipal Court of Chicago; the Hon. John D. Turnbaugh, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

Smejkal, Klenha & Krasa, for plaintiffs in error.

Bell & Cross, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

In this case Glickman sued and obtained judgment against plaintiffs in error for services rendered them in procuring a purchaser for some real estate which they owned.

It is urged in this court that plaintiff was not a licensed real estate broker at the time of the transaction, and hence it is claimed he cannot recover commissions.

We know of no statute which requires a real estate broker to have a license, and no ordinance requiring a license is before us in the record. In *City of Chicago v. Openheim,* 229 Ill. 313, a case from the Municipal Court, the Supreme Court said that an ordinance not offered in evidence and not appearing in the record was not before it. In the recent case of *Sixby v. Chicago City Ry. Co.,* 260 Ill. 478, it is held that the provision of the Municipal Court Act requiring Appellate Courts to take judicial notice of the Municipal Court rules is void. Following the reasoning of this case, and upon the authority of the *Oppenheim* case, *supra,* we hold that this court cannot take judicial notice of ordinances. Without a license ordinance before us we see no reason for reversing this judgment. It is affirmed.

*Affirmed.*