## Thomas Lanigan et al., trading as Lanigan & Kleckner, Defendants in Error, v. J. C. Henderson & Company, Plaintiff in Error.

### Gen. No. 19,163.

1. FACTORS, § 26*—*measure of damages for selling hogs in violation of instructions.* In an action against a live stock commission company to recover damages resulting from the defendant selling plaintiffs' hogs in violation of instructions to hold them over for two days more for an advance in the market price, a finding of the trial court allowing plaintiffs the increase in the market price, without allowing any deduction for the expense and loss necessarily involved in keeping the hogs over, *held* erroneous where it was established by the evidence that the daily expense for holding over hogs approximated ten cents per hundred pounds and that there was ordinarily some shrinkage in weight.

2. MUNICIPAL COURT OF CHICAGO, § 28*—*when insufficiency of affidavit of merits cannot be considered on review.* An objection to the affidavit of merits based on the ground that it is insufficient under the rules of the Municipal Court to raise an issue on a particular fact alleged in the statement of claim, cannot be urged on review where the rules of the Municipal Court are not preserved in the record, and it appeared that the rules were ignored on the trial by both parties introducing evidence in support of their several contentions regarding such fact.

3. MUNICIPAL COURT OF CHICAGO, § 29*—*judicial notice of rules.* The Appellate Court cannot take judicial notice of rules of the Municipal Court where they are not preserved in the record.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed October 7, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Pattison & Shaw, for plaintiff in error; Douglas C. Gregg, of counsel.

P. J. Tuohy, for defendants in error.

Mr. Presiding Justice Baume delivered the opinion of the court.

This is a suit instituted in the Municipal Court by Thomas Lanigan and G. S. Kleckner, copartners, against J. C. Henderson & Company, a corporation, to recover damages claimed to have been sustained by reason of the alleged wrongful conduct of the defendant in selling five carloads of hogs on March 18, 1912, contrary to the direction of the plaintiffs to the defendant to hold said hogs for sale until March 20, 1912, at which time the market price of hogs had advanced materially above the market price which prevailed on March 18th. A trial by the court without a jury resulted in a finding and judgment against the defendant for $176.34, to reverse which judgment this writ of error is prosecuted.

Defendants in error are buyers and shippers of hogs and cattle doing business at Hudson, Iowa, and plaintiff in error is engaged in the live stock commission business at the Union Stock Yards in Chicago. On Monday, March 18, 1912, Thomas Lanigan, one of the defendants in error, arrived at the stock yards with five carloads of hogs consigned to plaintiff in error for sale. When the hogs were unloaded, about seven o'clock in the morning, Lanigan met one Sweetman, a salesman, employed by plaintiff in error, with whom Lanigan discussed the advisability of selling the hogs at the then prevailing market price.

Lanigan testified that after considering the matter and canvassing the situation, he directed Sweetman not to sell the hogs that day, but hold the same for sale until Wednesday, March 20th.

The market on Monday opened at about $6.85 bid, and continued to advance during the day. Lanigan

left the stock yards shortly after one o'clock in the afternoon, and during his absence, later in the afternoon, Sweetman sold the five carloads of hogs for $7.05. The market continued to advance on Tuesday and a further advance prevailed on Wednesday, when hogs of the quality shipped by defendants in error realized $7.25 to $7.40.

The frictional question of fact in the case is whether or not Lanigan directed Sweetman to hold the hogs for sale until Wednesday, March 20th, and plaintiff in error insists that the finding of the court upon that issue is against the manifest weight of the evidence.

Sweetman denied that he received any such directions from Lanigan, but the facts and circumstances in evidence tend to corroborate Lanigan rather than Sweetman, and if this was the only controlling question in the case, we would affirm the judgment.

It is clearly established by the evidence that the actual daily expense involved in carrying over hogs at the stock yards approximate ten cents per one hundred pounds, at least for the first two or three days that hogs are so carried over, and that there is also ordinarily some shrinkage in the weight of the hogs during that time.

The third proposition of law submitted by plaintiff in error and refused by the court is as follows:

"That in determining the question of damages, if any, to which the plaintiffs may be entitled, the law is the plaintiffs shall recover any increase in price that would accrue if said hogs had been held over to the time directed, and therefrom should be deducted any cost or expense that it would be necessary to pay out to carry over said hogs to such time, and any shrinkage in the weight of said hogs."

Defendants in error are only entitled to recover as damages the actual pecuniary loss, if any, sustained by them by reason of the failure of plaintiff in error to comply with the direction to hold the hogs for sale, until Wednesday, March 20th. If a compliance by

plaintiff in error with such direction necessarily involved additional expense or loss, such expense or loss would properly be chargeable to and should be borne by defendants in error. In view of the fact that the amount of damages assessed by the trial court was predicated upon findings that the prevailing market price on Wednesday, and the price which defendants in error would have realized if their direction to hold the hogs for sale until that time had been complied with, was $7.25, and that defendants in error were entitled to recover the difference between that price and $7.05, the price at which the hogs were sold on Monday, the third proposition of law submitted by plaintiff in error was of controlling influence upon the question of the amount of damages recoverable by defendants in error. Under the ruling of the trial court defendants in error were allowed the benefit of the prevailing market price on Wednesday without any deduction whatever for expense and loss necessarily involved in carrying the hogs until such market price could be realized. The proposition should have been held as the law of the case, and applied to the facts as found.

It is said that under the pleadings in the case and under the rules of the Municipal Court applicable thereto, the affidavit of merits filed by plaintiff in error was insufficient to raise an issue of fact upon the question of the market price of hogs on Wednesday, and whether or not defendants in error would have then realized $7.47½ for their hogs, as alleged in their statement of claim. The rules of the Municipal Court relied upon by defendants in error are not preserved in the record and we are not permitted to take judicial notice of them. *Sixby v. Chicago City Ry. Co.*, 260 Ill. 478. Furthermore, the said rules, as they are claimed to exist, appear to have been ignored or not availed of upon the trial in the court below, because both parties introduced evidence in support of their several

contentions, as to the quality of the hogs in question and the prevailing market price of such hogs on Wednesday.

The other errors assigned are unsubstantial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*