DEVILLO R. HOLT *et al.*

*v.*

JAMES H. REES.

1. MORTGAGE — *rights of mortgagor and lessees of mortgagee — after payment of mortgage.* The payment of a mortgage debt by mortgagor terminates the right of possession by lessee under the mortgagee.

2. EJECTMENT — *declaration.* A mortgagor cannot maintain ejectment where the title, entry and ouster in the declaration are laid before the date of extinguishment of the mortgage debt. In such case the right of possession only accrues after extinguishment of debt.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. BARKER & TULEY, for the appellant.

Mr. JAMES L. STARK, Jr., for the appellee.

Mr JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment brought by Rees against Holt and Calkins. The following state of facts appeared upon the trial: Rees being the owner of the premises in controversy, on the 1st of September, 1857, executed to Swift, a mortgage to secure the payment of certain bonds described therein, and payable to the order of Swift. The unpaid bonds were subsequently assigned to Joy & Clapp, and the interest being unpaid, it was agreed between them and Rees in the spring of 1862, that they should rent the premises and collect the rents, to be applied on the interest. Under this arrangement they leased the premises to the defendants for one year, the lease terminating on the 1st of May, 1863. At the expiration of this

lease they again leased the premises to the defendants for the term of three years. This lease was made without the knowledge of Rees, and when apprised of it he complained to Joy & Clapp of its length. Mr. Joy testifies Rees never assented to the second lease, but always objected to it. On the 22d of August, 1865, Rees paid in full the debt secured by the mortgage, and the mortgage was released. He then brought this suit to recover from the lessee the possession of the premises, and the court below rendered judgment in his favor, from which the defendants prosecuted an appeal.

This case is not difficult of decision. The condition of the mortgage having been broken, the legal title had vested in Swift, the mortgagee. He could have turned the mortgagor out of possession, and if let into possession could have retained it until payment of the debt. The assignment of the bonds to Joy & Clapp transferred his equitable interest in the mortgage. So far as concerned Rees they held the rights of Swift and stood in his shoes. Rees could evict a stranger it is true, but when he seeks to evict them they fully protect themselves by showing the mortgage from Rees to Swift, and that they are in under that mortgage, by the implied authority from Swift arising from the assignment of the bonds. They thus connect themselves directly with the legal title in the hands of Swift, and have the same right to set it up as against Rees which Swift himself would have. This would be true if they entered for condition broken in the name of Swift, and it is certainly not less true when the mortgagor has voluntarily given them the possession as the equitable assignees of Swift and owners of the mortgage.

But while Joy & Clapp were entitled to the possession until payment of the mortgage, it is equally clear that with such payment, and in the absence of any agreement to the contrary, their right terminated. The payment extinguished all their rights, and the legal title, which had vested in Swift as mortgagee was, on the 22d of August, 1865, released by him to Rees. Joy & Clapp having thus lost all claim to the possession, their tenants, the present defendants, would occupy no

better position. They acquired under their lease no greater right or interest in the land than their lessors possessed. They accepted the lease with full knowledge that it was the right of Rees at any time to pay the mortgage and thus terminate their estate. It is not pretended that Joy & Clapp had any power over the premises, beyond that which devolved upon them from the mere fact of having been let into possession. It is not claimed that Rees ever consented to the lease for three years, or authorized a lease for any specific time. The only authority to lease that could be implied from the arrangement between the parties, would be an authority to make a lease terminable upon the payment of the mortgage. If Joy & Clapp could make a valid lease for three years without the consent of the parties, they could have made one for twenty-five years, and thus have deprived the mortgagor of all substantial right to his estate.

We must, however, reverse this judgment on a technical ground. The title, entry and ouster are laid in the declaration as committed on the 3d day of May, 1865, while the mortgage was not extinguished until the 22d of August, 1865. On the day laid, the right of possession was not in the plaintiff. On the authority of *Wood* v. *Morton*, 11 Ill. 548, this was a fatal objection to the recovery. We must, therefore, reverse the judgment, and remand the case with leave to the plaintiff to amend his declaration.

*Judgment reversed.*