## DEVILLE R. HOLT *et al.,* impl'd, etc.

### *v.*

## JAMES H. REES *et al.*

1. RELEASE OF ERRORS—*acceptance of money under a decree.* A party cannot avail himself of that portion of a decree which is favorable to him, and secure its fruits, and then reverse in an appellate court such portions as militate against him. If a decree is to be reversed, the parties should be placed in *statu quo.*

2. LEASE—*by mortgagee in possession is terminated by redemption.* A lease made by a mortgagee in possession is necessarily terminated by a redemption of the mortgage, unless there has been some express or implied authority from the mortgagor to lease for a given time.

3. If the mortgagee has been let into possession, and makes a lease, and at a subsequent period all the parties are before the court of chancery, the court would not direct the delivery of possession at a time that would work great hardship to the lessee.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts fully appear in the opinion.

Messrs. BARKER & TULEY, for the plaintiffs in error.

Mr. JAMES L. STARK, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 1st of September, 1857, Rees executed to Swift, ninety bonds, for five hundred dollars each, with interest coupons attached, the interest payable semi-annually, and the principal at different periods, ranging from eight to twelve years. It was provided in said bonds that if default should be made in the payment of principal or interest, for sixty days from maturity, they should all be considered due at the

option of the holder. They were secured by a mortgage on real estate in Chicago, which was also executed by Rees to Swift. A part of the bonds were paid, and, of the residue, thirty-six passed by endorsement into the hands of Reid, the original complainant in this suit, and sixteen into the hands of Clapp, defendant herein in the Circuit Court, and now one of the plaintiffs in error. No interest was paid after March 1859, and in May 1862, Rees gave Clapp possession of the mortgaged premises, and he leased them to plaintiffs in error, Calkins and Holt, for the term of one year. In May, 1862, Clapp, in connection with Joy, who then held the bonds now owned by Reid, renewed the lease for the term of three years. On the 30th of July, 1864, Reid filed this bill to foreclose the mortgage, making parties, Rees, the mortgagor, Clapp, the holder of the sixteen bonds, and Calkins and Holt, the tenants. The defendants answered, proofs were heard, and after two references to a Master to state the account, the court decreed that Rees pay to Reid and Clapp, the amount respectively found to be due them, within thirty days from the last day of the term, or that he deposit the amounts with the clerk, and that on making such payments, he should hold the premises discharged of the lien of the mortgage, and free from all right and title of any person claiming under it. The mortgagor paid the money into court within the thirty days. Clapp, Calkins and Holt sued out the present writ of error. The defendants in error have joined in error upon the assignment by Calkins and Holt, but as to Clapp they have pleaded as a release of errors, that, pending the suit, Clapp has surrendered his bonds to the clerk of the Court below, and received the money directed by the decree to be paid to him. To this plea Clapp demurs, and so far as relates to him, the disposition of the case depends on the issue of law made by the demurrer to this plea.

It is urged against the plea, that Clapp is not benefitted by this decree, and that therefore he is not within the cases of *Thomas*

v. *Negus*, and *Morgan* v. *Ladd*, 2 Gilm. 700 and 415. But although the amount allowed him upon his bonds may be less than he was entitled to, still, so far as the decree directed the payment of any sum of money to him, to that extent it was beneficial and what the court decided in the above cited cases was, that a party cannot avail himself of that portion of a decree which is favorable to him, and secure its fruits, and then reverse in an appellate court, such portions as militate against him. Counsel object to the binding authority of these decisions, because made by a divided court, but we fully concur in the opinion of the majority. If a decree is to be reversed, the parties should be placed in *statu quo*. It would be manifestly unjust, to permit Clapp to take all the money the decree gives him, and then speculate upon the possibilities of getting more by means of a writ of error. Suppose the decree should be reversed, and on another hearing, the court upon some new evidence, should find due him a still smaller sum. This might easily happen, and the supposition shows the distinction between this case and one of tender, to which counsel erroneously seek to compare it. Money paid into court to keep a tender good is brought in voluntarily, and is a deliberate admission that such sum is due the adverse party. If accepted or taken out of court, the party tendering can not recover it back. But if paid into court under the pressure of a decree, and after a reversal of such decree, it is ascertained by the court that its former decree was for too large a sum, the party having paid would be entitled to a restoration of the excess. The analogy, then, between this case and one of tender fails. But it is unnecessary to pursue this subject further. We are clearly of opinion, that a party cannot accept money, directed to be paid him by a decree, and then ask a reversal on the ground that it did not give him enough. His acceptance was a ratification. The demurrer to the plea of release of errors must be overruled.

Calkins and Holt seek to reverse this decree on the ground that it terminated their leasehold interest in the mortgaged

premises. · A lease made by a mortgagee in possession is necessarily terminated by a redemption of the mortgage, unless there has been some express or implied authority from the mortgagor to lease for a given time. We so held at the last April term, in an action of ejectment that must have been between these same parties, and for the same premises. *Holt et al* v. *Rees,* 44 Ill. 30. It is true, however, that if the mortgagee has been let into possession, and makes a lease, and, at a subsequent period all the parties are before a court of chancery, the court would not direct the delivery of possession at a time that would work great hardship to the lessee. For example, in the case of farming lands, it would enable the lessee to gather his crops. But in the decree before us, there is nothing of which Calkins and Holt can complain. There is really no decree against them. They are not required to deliver possession to the mortgagor on his redeeming, but he is left to his legal remedies. All that there is in the decree affecting the possession in any way, is the direction that, in the event of a sale, possession shall be delivered by whomsoever may hold it, to the grantee in the Master's deed. Now as the sale, if made, was to be subject to fifteen months redemption, and as Holt and Calkins only claimed, in their answer, a possessory right to May, 1866, and this decree was in July, 1865, it is evident that this provision in no way prejudiced any rights held by them. The language of the decree to the effect, that on redemption Rees should hold the premises discharged of the mortgage, and free and clear from all right, title and estate derived under the mortgagee, Swift, or under Clapp or Reid, is simply a clause defining the legal effect of redemption, and conferring on Rees no rights against Holt and Calkins, which he would not have had, if such clause had been omitted. As there is nothing in the decree prejudicial to them, there is no ground on which they can ask its reversal. ·

*Decree affirmed.*