(No. 11057.)

STEINAR G. LANGHER *et al.* Appellees, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 21, 1916.*

1. APPEALS AND ERRORS—*acceptance of benefits under a decree operates as a release of errors.* If a party against whom a decree has been rendered voluntarily accepts the benefits conferred upon him by the decree such acceptance operates as a release of errors and may be pleaded in bar as such.

2. SAME—*acceptance of part of amount decreed precludes writ of error.* Where the defendants consent to an order of court that the costs charged against them be paid out of the amount decreed to them as reimbursement for setting aside their tax deeds, which amount had been paid into court by the complainants after a refusal of tender, such acceptance of part of the amount awarded as reimbursement bars a writ of error to reverse the decree on the sole ground that the amount awarded is insufficient.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

WILLIAM GIBSON, and EDWARD J. PHILLIPS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellees filed a bill for the purpose of setting aside a number of tax deeds as clouds upon their title to certain real estate in Cook county. Answers were filed by the holders of the tax deeds, which were replied to. During the pendency of the suit the complainants tendered to the defendants the sum of $294 for their costs and money expended in procuring the tax deeds and subsequent taxes and assessments paid. This amount was not accepted and by order of the court was deposited with the clerk for the use

of the defendants. The cause was afterwards referred to the master, evidence was taken and a report made finding the tax deeds void and that the amount deposited was sufficient, and recommending that the deeds be set aside and that the costs before the master be taxed to the defendant Jacob Glos. Objections filed to the report were overruled and a decree was rendered in accordance with the prayer of the bill, directing the master's costs, amounting to $128.75, to be taxed against the defendant Jacob Glos and awarding execution against him for such costs. The decree found that the total amount of tax sales and subsequent payments of taxes and assessments, and costs and expenses in procuring and filing said tax deeds and interest thereon, and the appearance fees of the defendants, was $288.48, and that the amount tendered and deposited with the clerk was $5.52 more than sufficient to re-pay that sum. The clerk was ordered to pay to the defendants $9, the amount of their costs, and the sum of $279.48 to certain defendants interested in the tax deeds, as their respective interests might be determined by the court, and to the complainants $5.52. Jacob Glos appealed, and the complainants have filed a plea of release of errors by him, alleging that the benefits decreed to the appellant in the decree appealed from were received and accepted by him; that after the rendition of said decree a certain order of court was with the consent of all the defendants entered in said cause, reciting that by the decree theretofore entered the master's fees and costs, amounting to $128.75, had been decreed as costs against the appellant, and that there had been deposited with the clerk, for the use of the appellant and the other defendants as reimbursement for setting aside their tax interests, an amount exceeding the sum of $128.75, and ordering that the clerk forthwith pay to the appellees or their solicitors the said sum of $128.75 in satisfaction of said costs so decreed against the appellant, and further ordering that the clerk satisfy the decree for costs on the records of the court upon

such payment being made, and pursuant to said order of court the clerk did pay to the appellees the said sum of $128.75 for their costs so decreed to them against the appellant, and did then and there, upon the margin of the records of said decree, satisfy the said decree for costs against said appellant; and the said appellees aver that the appellant has accepted the benefits decreed to him by said decree by withdrawing, as aforesaid, a portion of the money deposited by the appellees with the clerk of the court for the use and benefit of the appellant. The appellant filed a replication averring the voluntary tender of the $294 in open court and its refusal by the defendants and deposit with the clerk voluntarily and not by coercion or pursuant to any mandatory order of the court. The replication further alleges that the amount of tax sales and subsequent payment of taxes and assessments and costs and expenses in procuring the tax deeds, and the interest thereon, and for the appearance fees of defendants, was not less than $288.48, and that the defendants were at all times after the deposit with the clerk entitled to receive from him that amount of money; that by the decree the master's fees, amounting to $128.75, were adjudged against the appellant, and that the sum of $128.75 described in the plea of appellees as having been withdrawn from and paid by the clerk to the appellees is the same $128.75 that was paid in satisfaction of the decree for costs against this appellant, and the appellant denies the benefits decreed to him in the above decree were received or accepted by him by reason of the matters and things alleged and set forth in said plea. The cause was submitted on a demurrer to this replication.

If a party against whom a decree has been rendered voluntarily accepts the benefits conferred upon him by the decree such acceptance operates as a release of errors and may be pleaded in bar as a release of errors. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Holt* v. *Reid,* 46 Ill. 181; *Schaeffer* v. *Ardery,* 238 id. 557.) The appellant insists that the prin-

ciple that one cannot complain of a decree after accepting its benefits, while applicable to cases in which the decree compels the payment of money, is not applicable to cases wherein a tender has been made and the money paid into court. In the former case it is said the acceptance of money found due by a decree which a party is compelled to pay operates as a release of errors, but not where the money is tendered voluntarily and refused and then paid into court. The decree finds that all the defendants' tax deeds are null and void, and that the total amount paid by the defendants, together with interest and costs to the date of the decree, was $288.48, and that the tax deeds constituted a cloud upon the complainants' title, and decreed the payment, out of the money deposited with the clerk, of $288.48 to the defendants, and that the deeds be vacated, set aside and removed of record as clouds upon the title of the complainants. It was from this decree that the appeal was taken, and the errors assigned question the amount allowed as reimbursement to the appellant for setting aside his tax deeds and the taxation of the master's fees on the reference against the appellant.

The argument is made that the correctness of the decree setting aside the tax deeds is not questioned but only the amount of reimbursement to the appellant, and that the acceptance of a part of this amount, which was actually and admittedly due, ought not to preclude the appellant from insisting on his claim that the amount awarded was insufficient and prosecuting a writ of error to correct the decree in this particular. The decree is single and all its parts are dependent one upon the other. The setting aside of the deeds depended upon the payment of the amount found by the decree to be due to the defendants, and the payment of the reimbursement was the consideration of setting aside the tax deeds. The decree must stand or be reversed as a whole. A judgment reversing the decree and setting aside the vacation of the tax deeds would leave the whole ques-

tion to be litigated anew. Whether the money was paid voluntarily or by compulsion, the appellant received it, under the decree, as the consideration of the cancellation of his tax deeds, and his acceptance of it amounted to a release of any errors in the decree.

The demurrer to the replication will be sustained and the decree affirmed.

*Decree affirmed.*