(No. 13963.—Appellate Court reversed; circuit court affirmed.)

LOGAN A. GRIDLEY *et al. vs.* JOHN H. WOOD, Plaintiff in Error.—(ORA W. GRIDLEY, Defendant in Error.)

*Opinion filed October 21, 1922—Rehearing denied Dec. 6, 1922.*

1. APPEALS AND ERRORS—*decree is not void because it does not follow mandate of Appellate Court.* Where a cause has been remanded by the Appellate Court it is the duty of the circuit court to follow the directions of the remanding order, and the circuit court, in entering its decree, is presumed to have intended to obey the mandate; but if the decree does not follow the directions of the Appellate Court it is not for that reason void but is merely erroneous and is subject to be reversed on appeal or writ of error.

2. SAME—*when plea of release of errors in decree will be sustained.* The fact that the error in a decree is obvious, in that the decree fails to follow the directions of the remanding order of the Appellate Court, is immaterial on the consideration of a demurrer to a plea of release of errors, and the plea should be sustained

where it shows that the plaintiff in error accepted a portion of the decree which was in her favor, although error is assigned on that part of the decree which was not in accordance with the remanding order.

3. SAME—*what constitutes a release of errors.* Wherever a party to a decree accepts the benefits of the decree such acceptance constitutes a release of errors, and he will not afterward be heard to allege errors for the purpose of procuring a reversal of the decree, no matter how obvious the errors are.

4. SAME—*where cause is remanded with directions for a money judgment the party entitled to payment must rely on the decree.* Where the Appellate Court reverses a decree of the circuit court and remands the cause, with directions to enter a decree for a certain sum of money instead of entering judgment for the amount without remanding, the party entitled to the money must rely upon the decree carrying out the remanding order, and the master is not authorized to pay the money under the judgment of the Appellate Court.

5. SAME—*what matters cannot be considered on plea of release of errors.* On consideration of a demurrer to a plea of release of errors the only question for consideration is whether the plea states facts which constitute a release of errors in the decree, and facts which occurred before the rendition of the decree and which tend to show that the decree is erroneous are not material, as they have no tendency to show whether the errors were released or not.

STONE, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

LIVINGSTON & WHITMORE, for plaintiff in error.

A. E. & R. C. DeMANGE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A writ of *certiorari* was awarded to bring up the record of the Appellate Court for the Third District, which reversed a decree of the circuit court of McLean county and remanded the cause, with directions to enter a decree in conformity with the opinion of the court. The tran-

script of the record of the circuit court which was filed in the Appellate Court consisted of a decree of distribution, an amendment of the decree, a remanding order of the Appellate Court, and a second decree of distribution entered after the remandment. Neither the bill nor any of the other pleadings in the case appear in the record and it contains no report of the master and no evidence. The first decree, entered February 16, 1918, found that Ora Gridley, who is the defendant in error, received $4600 for dower and that the balance due her for dower is $1499.60; that she is also entitled to alimony at the rate of $75 per month from the first day of July, 1917, to the first day of January, 1918, amounting to $450; that the interest of John H. Wood is subject to the lien of a creditor's bill of the People's Bank in case No. 11408. It was therefore ordered and decreed that the master in chancery distribute to Mary Bell and Logan Gridley each $33,200, to Mrs. Gridley $1499.60, balance due her on her dower, also $450 due her for alimony, and that the balance remaining be paid to Sigmund Livingston, as trustee, until the determination of the creditor's bill of the People's Bank against Wood in case No. 11408. An amendment to the order of distribution was made, in which the court found that Mrs. Gridley is entitled to alimony from July 1, 1917, to January 1, 1918, for the quarter ending September 30, 1917, $225; for October, 1917, $75; for the months of November and December, 1917, *pro rata* on account of payments having been made on the dower of Mrs. Gridley by the master on June 29 and October 30, the sum of $33.33; total alimony, $333.33. This decree was reversed by the Appellate Court and another decree upon the re-instatement of the cause in the circuit court was entered on January 5, 1920, which found that Mrs. Gridley was entitled to alimony at the rate of $75 per month from the first day of July, 1917, to the first day of January, 1918, amounting to $450. The master was ordered to pay that sum to her. The decree recites that Lo-

gan A. Gridley, trustee, by his attorneys, comes into court and stipulates that the lien under the creditor's bill referred to in the previous decree for distribution be released, and it was ordered and decreed that the fund in the hands of Livingston, trustee, be paid over to Wood, the owner thereof. Mrs. Gridley sued out a writ of error from the Appellate Court and assigned for error that the chancellor erred in entering the decree of January 5, 1920, and in ordering Livingston to pay over to Wood the fund in his hands. To this writ Wood, the plaintiff in error here, who was defendant in error in the Appellate Court, filed a plea of release of errors, showing that Mrs. Gridley on March 4, 1920, before suing out the writ of error, demanded of the master in chancery the $450 decreed to be due to her, and the master in chancery paid her that sum, and that by so availing herself of the benefits of the decree she released any and all errors in the record and proceedings. To this plea Mrs. Gridley filed a replication, which recited the first decree of distribution and the appeal from it, alleged the errors assigned and the reversal, and set forth the mandate and opinion of the Appellate Court. It then alleged that the court, in accordance with the mandate of the Appellate Court, ordered the payment of $450 to Mrs. Gridley for her alimony to January 1, 1918, but, erroneously and contrary to the direction of the Appellate Court, after ordering the payment to her of the balance of her dower in the lands involved in this suit and her alimony to January 1, 1918, directed payment to Wood of the balance of his one-third share in the proceeds of the sale. The replication alleged that Mrs. Gridley assigned error on the order to pay Wood's share of the proceeds to him without protecting her lien for the payment of alimony accrued and to accrue. The replication then set out the proceedings in another case in the Appellate Court in which it was held that Mrs. Gridley was entitled to the payment of alimony at the rate of $900 a year for life or until all of her dower in the lands

of her husband was assigned, and it was averred that her right to the payment of $450 alimony was adjudicated by the Appellate Court in the reversal of the first decree, and her right to the $900 a year alimony for life or until all her dower is assigned to her in the estate of her husband and her right to a lien on the proceeds of the sale of the interest of Wood in the lands to secure the payment of such alimony were also adjudicated by the reversal of the first decree and by the other case mentioned; that she has not assigned error as to the decree for the payment to her of the $450, but charges that the circuit court erred in disobeying the instructions of the Appellate Court and in its ordering the payment of the proceeds of the sale of Wood's interest in lands to him, thereby destroying her lien upon the proceeds and her security for the payment of her alimony accrued and to accrue until all her dower in the estate of Edward Gridley shall be assigned to her, wherefore she avers that the receipt of the sum of $450 accrued alimony is not a release of the errors assigned by her in this cause. Wood demurred to the replication, and on motion of Mrs. Gridley the demurrer was carried back to the plea and sustained to the plea. Thereupon there was a joinder in error, and the court, upon consideration of the errors assigned and the arguments of counsel, reversed the decree and remanded the cause, with directions to enter a decree in accordance with the opinion of the court on the first review.

The plaintiff in error insists that the court erred in sustaining the demurrer to his plea of release of errors. The argument of the defendant in error discussed the decree entered by the circuit court, which, it is insisted, was erroneous because not in accordance with the directions of the Appellate Court, and the decree is referred to as a void decree. It was the duty of the circuit court to follow the directions of the Appellate Court and enter a decree which conformed to the directions of the Appellate Court. It is to

be presumed that the circuit court intended to do this, but whether the court intended to follow the directions of the Appellate Court or not, the decree entered by it was not void. If it did not conform to the directions of the Appellate Court the decree was erroneous and was subject to be reversed on appeal or writ of error. Like any other decree, however, any errors which occurred in its rendition might be released by the party against whom they were made, and if they were so released, the fact that they were obvious, and the fact, if it is a fact, that the decree was clearly erroneous because it manifestly failed to follow the directions of the Appellate Court, would be immaterial. On the consideration of the demurrer the question whether error occurred in the decree does not arise. The question is whether the plea states facts which constitute a release of errors. The decree ordered the payment of $450 alimony to Mrs. Gridley and the payment of the residue of the proceeds to Wood. The first part of the decree was in Mrs. Gridley's favor and the second part was against her. Whenever a party to a decree accepts the benefits of the decree, such acceptance constitutes a release of errors, and he will not afterward be heard to allege errors for the purpose of procuring a reversal of the decree. *Morgan v. Ladd*, 2 Gilm. 414; *Holt v. Reid*, 46 Ill. 181; *Schaeffer v. Ardery*, 238 id. 557; *Langher v. Glos*, 276 id. 342; *Hawkins v. County of Lake*, 302 id. 213.

It seems to be argued that Mrs. Gridley did not receive any benefit by the decree; that her right to the $450 was adjudicated by the Appellate Court. The Appellate Court reversed the decree of the circuit court and found that the decree should have been for $450 instead of $333.33, but it did not render judgment for the $450. It might have done so under the statute, but instead of doing so it adjudged that the circuit court should enter the decree. The master in chancery was not authorized to pay money by the judgment of the Appellate Court, and it was only by virtue

of the decree of the circuit court that Mrs. Gridley was enabled to receive the money. She demanded and received the money, thus accepting that part of the decree which was in her favor, and then sued out a writ of error to reverse the order which was inconsistent with her lien on the proceeds for further sums. She could not do this. She was bound, if she accepted the benefit of the decree, to accept the whole decree, and her receipt of that which was in her favor operated as a release of errors of that part of the decree which was against her interest.

It is said that the decree for the payment of $450 was final; that Wood had no right to have it reviewed. It is true that the Appellate Court had decreed that Mrs. Gridley was entitled to $450, and that was the law in the case so far as the Appellate Court was concerned; but this view of the law is not binding on the Supreme Court and the decree was still open to consideration by that court. To obtain a review a certificate of importance from the Appellate Court would have been necessary, which that court might have refused, but this does not affect the question that there was a method open by which the decree of the circuit court might be reviewed. The fact that in another case or other cases the Appellate Court had decided that a lien existed on the proceeds of a sale of Wood's interest for the payment of Mrs. Gridley's alimony for life or until all her dower was assigned is not material. Perhaps it has a tendency to show that the decree was erroneous, but it has no tendency to show whether the errors, if any, in the decree were released or not. Those things all occurred before the rendition of the decree in this case. They cannot be considered on the plea of release of errors. The release of errors, if one was made, occurred after the decree was rendered, and if defendant in error released errors, no matter how obvious the errors were, she cannot subsequently maintain a writ of error to reverse the decree on account of such errors.

The demurrer should not have been sustained to the plea but should have been sustained to the replication. The replication admitted the facts alleged in the plea which constituted a release of errors and endeavored to avoid them. The avoidance not being sufficient, the plea of release of errors must be sustained and the decree of the circuit court affirmed.

The judgment of the Appellate Court will be reversed and the decree of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Decree of circuit court affirmed.*

Mr. JUSTICE STONE, dissenting:

I am unable to concur in the views expressed in the foregoing opinion. The right of Mrs. Gridley to the sum of $450 alimony for the six months ending January 1, 1918, without regard to any other question involved in the case, had been adjudicated, first by her divorce decree entered October 18, 1902, which was a final decree; again specifically awarded to her in *Gridley* v. *Wood*, 215 Ill. App. 473, where the question was directly raised by Wood and as expressly decided, and no attempt to review the decision of the Appellate Court was sought by him. This same amount for the same period of time was again adjudged to her by the Appellate Court in *Bell* v. *Wood*, 215 Ill. App. 658, where it was held that this question was *res judicata* under the decision of that court in *Gridley* v. *Wood, supra.* In that case Wood applied to this court for a writ of *certiorari*, assigning as error that the Appellate Court erred in holding that the decision in *Gridley* v. *Wood, supra,* was *res judicata* and that the circuit court erred in decreeing this alimony to Mrs. Gridley. This petition for *certiorari* was denied, thus again settling her right to this sum of $450.

Where a judgment has been rendered by a reviewing court reversing the decree and remanding the cause for further proceedings in accordance with the views in the opin-

ion rendered, the judgment of such reviewing court is the final judgment so far as the questions decided in the opinion are concerned. (*People* v. *Clark,* 300 Ill. 583; *Chicago Theological Seminary* v. *People,* 189 id. 439; *People* v. *Chicago Theological Seminary,* 174 id. 177.) When an amount is decreed to be due to a party and such decree is clearly *res judicata,* so that no further appeal or writ of error lies, the acceptance of the amount so awarded does no injury to the opposite party, deprives him of no right of appeal or writ of error and in nowise affects him upon reversal. Such acceptance, therefore, does not release the errors assigned on the decree. This is recognized in *Trapp* v. *Off,* 194 Ill. 287, citing *Thomas* v. *Negus,* 2 Gilm. 700, where it was held that to prevent a release of errors one who has sought a review of a decree should refrain from doing any act which changes the situation or impairs the rights of the parties in event of its reversal, and that the parties, if the decree be reversed, ought to be restored to the position they occupied before it was rendered. This rule is recognized by other authorities and is the basis of numerous decisions on this matter. (*Beardsley* v. *Smith,* 139 Ill. 290; *Raines* v. *Dumont,* 130 U. S. 354; 29 L. R. A. (N. S.) 37, note.) In accepting the sum of $450 Mrs. Gridley did no act which would change or affect the rights of Wood in event of a reversal of the decree complained of by her. The adjudication as to the $450 alimony had been repeatedly had. It was as water that had gone over the dam. Nothing that might be done by any of the parties to the lawsuit could change her rights pertaining to it. Her acceptance of the $450 three times finally decreed to her was not a release of errors, and her demurrer to the plea of release of errors was properly sustained by the Appellate Court.