United Typesetting Company et al., Complainants, v. Congress Trust and Savings Bank et al., Defendants.

United Typesetting Company et al., Appellants, v. Logan L. Mullins, Appellee.

Gen. No. 37,765.

Opinion filed December 24, 1934. Rehearing denied January 7, 1935.

CAPLOW, KALLEN & CAPLOW and MAURICE L. DAVIS, all of Chicago, for appellants; MAURICE L. DAVIS, of counsel.

GLENN, SCHWARTZ, REAL & BROWNING, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Creditors of the Congress Trust and Savings Bank filed a bill to recover the added liability of the stockholders of the bank; April 14, 1934, a decree was en-

tered finding that sufficient money had been advanced by the stockholders to the liquidating receiver to pay the creditors in full. They were ordered paid and the bill dismissed, except that jurisdiction was retained to settle the final accounts of the receiver.

After paying the creditors in full the receiver had in his hands $25,045.29, to be used in the payment of costs and fees. May 25, 1934, an order was entered approving the final account of the receiver in the stockholders' suit; he was allowed for his services $10,000, his attorneys $4,839.66, and the attorneys for the complainants, who are the appellants, $10,000 in full of all services performed by said attorneys as attorneys for the complainants in this case; the receiver paid out all the money in his hands in accordance with the order, and thereafter filed with the clerk of the court canceled checks showing payment to himself, to his attorneys, and to the attorneys for the complainants the full amounts provided in the order from which this appeal is taken; the receiver was thereupon discharged from further duties as receiver in the cause.

Three of the complainants, by their attorneys, after the attorneys had indorsed and cashed the check received by them from the receiver for fees pursuant to the order of court, filed their notice of appeal from that portion of the order fixing and allowing fees to the receiver and to his attorneys and to the attorneys for the complainants. They asked that no allowance of fees be made to the receiver in excess of $200 and that the allowance of fees to the attorneys for the complainants be increased from $10,000 to $19,800. The complainants have perfected their appeal in this court.

Logan L. Mullins, the receiver, filed in this court a plea of release of errors, asserting that subsequent to the date of the entry of the order sought to be reviewed the appellants received and accepted the benefits of the order by accepting a check drawn May 29,

1934, by the receiver in the sum of $10,000, to the order of the attorneys (naming them) for the complainants, by indorsing and cashing the same and by collecting the sum of $10,000 thereon.

Demurrers were filed on behalf of complainants to the plea of release of errors, which have heretofore been overruled, and complainants were given leave to answer said plea if they were advised to do so. They have filed an election to abide by their demurrers.

Complainants raise the question as to whether the plea of release of errors is one single plea or three different pleas. We do .not think the fact that the paragraphs in the plea are numbered is of controlling importance. The plea fully relates the facts relied upon by the receiver as showing a release of errors.

The creditor complainants have been paid the full amount of their claims against the Congress Trust and Savings Bank. Their attorneys, who are in fact the real appellants here, accepted the benefits of the order appealed from by accepting and indorsing a check payable to them in the amount which was ordered paid to them in full for all services rendered.

It has been repeatedly held that if a party voluntarily accepts the benefits of a decree, such acceptance constitutes a release of errors and he will not afterward be heard to allege errors no matter how obvious they may be. Where a party has obtained the benefit of the order appealed from he is not entitled to have the record reviewed. Among the cases so holding are *Morgan v. Ladd,* 7 Ill. 414; *Gridley v. Wood,* 305 Ill. 376; *Scott v. Scott,* 304 Ill. 267; *Boylan v. Boylan,* 349 Ill. 471; *Holt v. Rees,* 46 Ill. 181; *Trapp v. Off,* 194 Ill. 287; *Fishburn v. Green,* 291 Ill. 350; *Langher v. Glos,* 276 Ill. 342; *Kellner v. Schmidt,* 237 Ill. App. 428.

It is also the rule that one cannot avail himself of that part of a decree which is favorable to him, accept-

ing its benefits, and then prosecute an appeal to reverse such portion of the decree as is against him when the acceptance of the benefit from the one part of the decree is totally inconsistent with the appeal from the other part. *Kellner v. Schmidt*, 237 Ill. App. 428; *Gridley v. Wood*, 305 Ill. 376; *Paine v. Woolley*, 80 Ky. 568. In *Carll, v. Oakley*, 97 N. Y. 633, it was held that the acceptance and retention by an attorney for one of the parties of a sum allowed him for costs is an acquiescence in the judgment and estops such party or his attorney from taking and prosecuting an appeal from such judgment.

We hold that the plea was sufficient to bar appellants from prosecuting this appeal. The order overruling the demurrers was proper, and as appellants have elected to stand by their demurrers, the appeal is dismissed.

*Appeal dismissed.*

O'CONNOR, P. J., and MATCHETT, J., concur.