Otto Kerner, Attorney General of State of Illinois, Appellant, v. William Hale Thompson and the Waterway and Flood Control Association of the Mississippi Valley, Appellees.

Gen. No. 37,774.

Opinion filed November 20, 1935.

OTTO KERNER, Attorney General, for appellant; JAMES G. SKINNER, Assistant Attorney General, of counsel.

JAMES W. BREEN, of Chicago, for appellee William Hale Thompson.

MR. JUSTICE HEBEL delivered the opinion of the court.

It appears from the record in this court that the plaintiff, Otto Kerner, as attorney general of the State of Illinois, is here on appeal from a certain portion of a decree entered by the chancellor in a bill filed by the attorney general for an accounting of funds received by the defendants. The action is, as we have stated, one in chancery instituted by the attorney gen-

eral of the State of Illinois against William Hale Thompson, the Waterway and Flood Control Association of the Mississippi Valley, a corporation, and others to protect and preserve a certain fund of money donated in 1927 for the use and benefit of flood sufferers in the Mississippi Valley, and to require Thompson to account for and restore as a charitable trust the portion of the fund not used for the original purpose.

The case was heard by the court upon the complaint as amended, the answer as amended, the replication of the plaintiff, and upon a stipulation of facts read into the record and set out in full in the decree. No point has been raised on the pleadings.

It appears from the facts in the record that following the great flood in the Mississippi Valley in April, 1927, the defendant, William Hale Thompson, then mayor of the City of Chicago, by proclamation and appeals to the public, received from the public as donations for the relief of the flood sufferers the sum of $139,772.47. Of this sum the defendant, Thompson, paid for the relief of flood sufferers the sum of $35,846.51, to which allowance by the court in the accounting no objection was made.

On December 16, 1930, the defendants organized an Illinois corporation known as the Waterway and Flood Control Association of the Mississippi Valley, and shortly thereafter the fund was transferred to this corporation. Out of the fund so transferred, a total of $72,794.79 was disbursed for the purposes appearing in the decree entered by the court, and it is from this portion of the decree that plaintiff complains the court erred in allowing such deductions.

At the final hearing of the cause all defendants were dismissed out of the case except Thompson, the Waterway and Flood Control Association of the Mississippi Valley, a corporation, and the First National Bank of Chicago.

▮▮▮▮▮▮▮▮▮▮

The plaintiff's theory in this case is that under the *cy pres* doctrine of construction the total sum of $103,925.96 on hand after relief had been given to the flood sufferers in 1927, should have been applied to a purpose as nearly as possible to the charitable purpose for which the monies were originally donated, and that the use and application of the sum of $72,794.79 was not a *cy pres* use and application. To this theory the defendant answers that the use and application of said sum of $72,794.79 by said Thompson was a proper use under the *cy pres* doctrine.

The defendants filed their motion to dismiss this appeal upon the ground that there was entered in the above entitled cause a final decree which found that the defendant, William Hale Thompson, as trustee of the fund ". . . did not act improperly or beyond his authority as such trustee in the use or application of the sum of $72,794.79," and decreed that the use and application of the sum of $72,794.79 made by the defendant be approved and affirmed; and further ordered:

"That the defendants, William Hale Thompson and The Waterway and Flood Control Association of the Mississippi Valley, a corporation, be and they each are hereby directed to transfer and set over within ten (10) days from the date of this decree to the custody and control of the American National Red Cross, a corporation, as trustee, the said fund or sum of $31,131.17 . . . to be used by said American National Red Cross for the relief of those who may be caused suffering in the future by reason of any floods which may occur in the Mississippi Valley, or for a purpose as closely related to the original purpose as may be, and in default of the defendants, or either of them, joining in or directing the transfer and setting-over of said fund in the sum of $31,131.17, to said American National Red Cross, then the defendant,

The First National Bank of Chicago, upon the expiration of ten (10) days from the date of this decree, shall be and it is hereby ordered and directed to transfer said sum of $31,131.17 . . . to said American National Red Cross, a corporation, as trustee.''

It further appears from the suggestions in support of defendants' motion that the defendants complied with the provisions of the decree requiring them to turn over the sum of $31,131.17 to the American National Red Cross, in accordance with the prayer of the bill and the terms of the decree. The fact that the money was paid is not denied by the plaintiff in this proceeding.

The plaintiff as attorney general of the State of Illinois filed a counter-suggestion to the motion to dismiss the appeal upon the ground that the suit was not a suit for the interest or benefit of the plaintiff, but to restore the funds of a public charitable trust, and that the plaintiff received no benefit personally whatever from this decree, but merely acted in bringing and prosecuting said suit in performance of his official duty, and contends that the findings and decretal orders are severable for the following reasons:

''(a) That the court finds that the defendant and appellee, William Hale Thompson, out of. the funds collected by him applied to the purposes of the trust the sum of $35,846.51;

'''(b) That of the fund collected said defendant and appellee applied the sum of $72,794.79 to various objects and purposes, the application of which was approved by the court, but which plaintiff contends under this appeal was improperly applied,'' and calls this court's attention to this part of the decree:

''It is Further Ordered, Adjudged and Decreed that the payment of said sum of $31,131.17 to the American National Red Cross, a corporation, shall be without prejudice to the right of said complainant,

Otto Kerner, as Attorney General of the State of Illinois, to appeal from any part or portion of this decree.''

In the consideration of this motion, as no objection has been made to this procedure, we will consider the motion in the nature of a plea of the defendants of a release of errors, and will consider the suggestions and counter-suggestions upon the question as to whether or not the plea of release of errors sets up a good defense which would justify this court in dismissing the proceedings.

One of the contentions urged by the defendants is that the plaintiff having accepted the benefits of the decree and received from the defendants the amount found to be due upon an accounting cannot prosecute a writ of error or take an appeal to reverse the decree entered in the above entitled cause.

The rule that one who accepts the benefits of a decree cannot prosecute a writ of error to reverse it has been passed upon by the Supreme Court of this State, and in a case entitled *Kellner v. Schmidt,* 237 Ill. App. 428, we follow this rule in its application to the facts in that particular case, and we there said:

''That one who has accepted the benefits of a decree cannot afterwards prosecute a writ of error to reverse it has been frequently passed on by the Supreme Court of this State. (*Thomas v. Negus,* 7 Ill. 700; *Morgan v. Ladd,* 7 Ill. 414; *Holt v. Rees,* 46 Ill. 181; *Corwin v. Shoup,* 76 Ill. 246; *Moore v. Williams,* 132 Ill. 591; *Trapp v. Off,* 194 Ill. 287; *Scott v. Scott,* 304 Ill. 267; *Gridley v. Wood,* 305 Ill. 376.) That being so we need not consider cases cited from other jurisdictions. Many of them are to the effect that a party who has received and accepted a part of a judgment or decree to which he is absolutely entitled, and whose right thereto will not be affected by a reversal, may have the

judgment or decree reviewed as to parts that are controverted. . . .

"But whether or not the decree in such a case is severable, plaintiffs in error having availed themselves of its benefits must be held, both under the general rule (3 C. J. 682; notes to 29 L. R. A. [N. S.] 2) and the authorities in this State, to have accepted the unfavorable as well as the favorable rulings."

This quotation is from a case in which certiorari was denied by the Supreme Court in this State. See also *Langher v. Glos,* 276 Ill. 342.

It would seem that the performance by the defendants in paying the money as decreed would estop the plaintiff to appeal this case. The action was one for an accounting. The court was to determine from the evidence before it as to the amount of money received by these defendants, as stated in this opinion, and in order to determine the net amount in the hands of the defendant it was necessary to properly consider the deductions that should be allowed, so that the court could finally determine the balance.

While from the record it is apparent that part of the monies expended by these defendants was considered a proper allowance to be deducted from the amount received, as to other deductions, the question was raised whether they were a proper allowance, and it was for the court to pass on that question. Having passed upon it, and the result reached and a decree entered finding as it did the sum total due on accounting, the performance required by these defendants, and the acceptance by the plaintiff of the result of the accounting by the defendants and acceptance of payment of the monies as required to the American National Red Cross, the plaintiff is estopped to prosecute this appeal.

The plaintiff, however, suggests that by the decree his right to appeal was preserved by the provision of

the decree above quoted in this opinion. In further-
ance of this provision the plaintiff limited his appeal
to that portion of the decree of the court which found
that the defendants in the deduction of the sum total-
ing $72,794.79, acted properly, and approved such de-
duction, and points to the Civil Practice Act, ch. 110,
as justifying a partial appeal. Section 79 of the act
provides that:

"The Supreme Court may, by general rules, regu-
late and determine the practice and procedure by
which cases shall be reviewed in the Appellate and
Supreme Court, including .. . . the manner of giv-
ing notices, the specifications of grounds of appeal,
. . . and all other matters of practice in connection
with the review of cases." Ill. State Bar Stats. 1935,
ch. 110, ¶ 207.

And Rule 33:

"(Form and Contents of Notice of Appeal.) . . .
(2) It shall specify and describe the order, determina-
tion, decision, judgment or decree which is being ap-
pealed from, and if the appeal is from a part thereof
only, it shall specify which part."

The rule as cited is controlling in matters which
come within its provisions, still in matters of account-
ing, such as in the instant case, where the sum total re-
ceived and the sum total expended, also the balance to
be accounted for, are for the court to pass upon, the
conclusion of the court is not severable. The plaintiff
cannot split up an action of this kind by questioning
the admissibility of the court's ruling in allowing de-
ductions from the amount which the defendants re-
ceived. Otherwise, if that were permissible the plain-
tiff in a bill for an accounting could accept whatever
sums were allowed and still raise the question as to
the proper allowance in an action of this kind on
appeal. That would be against the weight of authori-
ties which have established the rule in this State that

a person who has accepted the benefits of a decree cannot afterwards prosecute a writ of error on the ground that the court did not properly adjudicate the issue.

It is next pointed out by the plaintiff that the suit in question was not for the interest or benefit of the plaintiff, but rather to restore the funds of a public charitable trust, and that the plaintiff was acting in his official capacity, and not in a private capacity. Of course that is true, but the question then arises as to whether by acts of the attorney general representing the people of the State of Illinois, the people are bound by a performance of the terms of a decree entered in a suit instigated by the attorney general in their behalf.

Upon the question as to the binding effect of a decree upon the people of the State of Illinois, the Supreme Court, in *Healy v. Deering,* 231 Ill. 423, in a proceeding wherein the title was involved as to the possession of a public street, held that the decree against the City of Chicago was binding upon the people of the State of Illinois, and in any action brought by the City of Chicago for the purpose of protecting the public rights, the State would be bound by the result, because in such action the City of Chicago, as trustee, would represent the people of the State by virtue of the authority given it to maintain such actions, and both would be legally bound thereby.

By analogy, the appearance of the attorney general as plaintiff in this case on behalf of the People of the State of Illinois, the entry of the decree in this particular case, the performance of the decree as required by its terms, and the acceptance of such performance, are as fully binding upon the people as if the litigation were between individuals in a bill for an accounting, and where one of the parties accepts the benefits de-

412

rived from the entry of a decree, he cannot thereafter complain that the decree was erroneous.

For the reasons stated, the appeal is dismissed.

*Appeal dismissed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.