Maurice F. Lord, Appellee, v. Fred G. Adamson and
W. E. Gillette, Appellants.

Gen. No. 9,054.

Opin-
ion filed April 13, 1936.   Rehearing denied July 6, 1936.

JOHN K. NEWHALL and DAVID B. GIVLER, both of
Aurora, for appellants.

MAURICE F. LORD, of Aurora, *pro se*; LORD & PARKER
and GILBERT L. WOOD, of Aurora, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the
court.

The Kishwaukee Special Drainage District of
DeKalb County, Illinois, is a district organized under
an Act of the General Assembly of the State of Illinois.  The purpose of the district is to provide drain-

age for agricultural and sanitary purposes. On October 1, 1923, the commissioners of said district levied a special assessment of $18,000, to make repairs on the open ditches and to pay the necessary expenses connected therewith. On the same date, in anticipation of the collection of deferred instalments of said assessment, the commissioners also authorized the issuance of bonds, which are commonly designated as drainage bonds, in the aggregate of $16,200. The bonds were dated October 15, 1923, and bear interest at the rate of six per cent per annum, payable annually on July 1, in each year. On October 25, 1923, the district authorized the commissioners to sell the entire issue of bonds to the W. W. Armstrong Company, a bonding house in Aurora, and received therefor $15,740.99. The Armstrong Bonding Company in turn sold these bonds to its customers including Fred G. Adamson, who on November 23, purchased $5,000 face value thereof, and to W. E. Gillette who on November 24, 1923, purchased $5,000 the face value thereof. Other customers of the Armstrong Company purchased the remainder of the bonds. The drainage district paid the matured interest on the bonds to July 1, 1924, and thereafter defaulted in payment of both principal and interest, and the default has continued.

Mr. Maurice Lord, the appellee in this case, is an attorney at law in Kane county, Illinois. At the suggestion of W. W. Armstrong Company, Mr. Lord started various suits to collect what was due upon the bonds. It is not disputed in this case that Mr. Lord successfully prosecuted the various suits and finally succeeded in collecting all that was due, both principal and interest upon the bonds. It is not contended that the fee Mr. Lord charged for his services is unreasonable; therefore, we deem it unnecessary to set forth in detail the various proceedings that Mr. Lord successfully prosecuted. The appellee succeeded

in collecting for the bondholders the total sum of $18,782.18, which included the amount of bonds, plus the penalties and accumulated interest.

This money was paid to Mr. Lord, and a dispute arose among the bondholders as to who was entitled to the proceedings of this judgment. Mr. Lord filed a proceeding in the circuit court of Kane county in the nature of a bill of interpleader, asking directions as to the distribution of the funds on hand, and claimed a lien for reasonable attorney's fees for the service he had rendered in the collection of this amount. The court ordered him to pay to the circuit clerk of Kane county all the money except $2,500 belonging to the bondholders, and allowed him to retain $2,500 to be applied on his attorney's fees. The depositing of the money with the clerk was not to have any effect on the lien that he claimed on the funds that was due him for his attorney fee.

The appellants, Adamson and Gillette, filed their answers to the bill of interpleader, in which each denied that they had ever employed Maurice F. Lord, as their attorney to collect what was due on their bonds, or ever authorized any one else to employ him as their attorney, and each denied that they had, by any act, ratified or confirmed his employment to collect the bonds, and denied that he had any lien on the proceeds from their bonds.

The case was heard before the court who allowed the appellee an attorney's fee of $5,788.11, which included the attorney's fees, expenses and money advanced on account of the litigation. The balance was ordered paid to the different bondholders in proportion to the number of bonds each held. From this order the appellants, Adamson and Gillette, have effected an appeal to this court.

The appellee has made a motion to dismiss the appeal because the record shows that the appellants,

Adamson and Gillette, have each accepted from the clerk of the court the full amount that was ordered paid to them, and therefore, they have released all errors as shown by the record. The appellants have filed objections to this motion, both by motion and in their printed brief.

The distributing part of the order that the court signed is as follows: "It is therefore ordered, adjudged and decreed, 1. That plaintiff and Charles F. Farmiloe, as Clerk of this Court, and Merchants National Bank of Aurora, make payments out of said fund deposited as above stated in the amounts and to the persons designated as follows:

| | |
|---|---|
| To Maurice F. Lord, the sum of.............. | $ 3,289.41 |
| To Fred G. Adamson, the sum of............ | 3,936.63 |
| To W. E. Gillette, the sum of............... | 1,115.48 |
| To D. A. Hartsburg, the sum of............. | 365.77 |
| To W. L. Slaker, the sum of................ | 243.85 |
| To Eloise Schoeberlien, the sum of......... | 4,895.16 |
| To Lawrence Stern & Company, the sum of.. | 2,413.89 |
| To Merchants National Bank of Aurora as trustee fees, the sum of................. | 10.00 |
| To Maurice F. Lord, for filing costs advanced herein, the sum of...................... | 10.00 |
| TOTAL ................. | $16,280.19" |

Paragraph 2 of the same order is as follows: "That upon completing the payments above detailed, said persons, together with said Merchants National Bank and all parties to this proceeding shall be discharged and acquitted from further accountability for said fund." On page 53 of the record in this case is the following: "Certificate of the Clerk in re decree of July 22, 1935." "I, Charles F. Farmiloe, Clerk of the Circuit Court in and for the County of Kane, State of Illinois, do hereby certify that pursuant to the directions contained in the decree of this court entered in the above entitled

cause on the 22nd day of July A. D. 1935, the following payments have been made to the parties named in said decree in the manner designated in said decree, to-wit:'' Then follows a list of the payments which are identically the same as contained in the decree, which shows that Fred G. Adamson received the sum of · $3,936.63, and W. E. Gillette, $1,115.48.

The appellants state that the acceptance of the money as ordered by the court is not a release of errors, and they have cited numerous cases which they claim supports this contention. The appellee has cited numerous cases, which in our opinion sustains his contention that the appellants have by their action released any and all errors in the case. In the case of *Langher v. Glos,* 276 Ill. 342, our Supreme Court in discussing a case in which the appellee contended that the appellants had accepted the benefits of the decree and therefore released any and all errors, use this language: ''The argument is made that the correctness of the decree setting aside the tax deeds is not questioned but only the amount of reimbursement to the appellant, and that the acceptance of a part of this amount, which was actually and admittedly due, ought not to preclude the appellant from insisting on his claim that the amount awarded was insufficient and prosecuting a writ of error to correct the decree in this particular. The decree is single and all its parts are dependent one upon the other. The setting aside of the deeds depended upon the payment of the amount found by the decree to be due to the defendants, and the payment of the reimbursement was the consideration of setting aside the tax deeds. The decree must stand or be reversed as a whole.'' (*Gridley v. Wood,* 305 Ill. 376; *Scott v. Scott,* 304 Ill. 267; *Holt v. Rees,* 46 Ill. 181; *Kerner v. Thompson,* 282 Ill. App. 403.) The appellants voluntarily accepted the benefits of the

decree and by so doing released any and all errors in the decree.

The appellants seriously insist that the appellee is not in a position to raise this question because the same is not properly presented. Rule 31 of our printed rules provides as follows: "Time of pleading in the Appellate Court. In all cases in this court where the defendant in error desires to plead and not join in error, he shall file his plea in the office of the clerk at least five days before his brief would be due under Rule 7, had he joined in error, and the issue thereon must be made up within said five days, or such further time as may be allowed by the court." The appellee filed his printed brief on February 5, 1936, and at the same time filed a motion to dismiss the appeal because the record shows that the appellants voluntarily accepted all the benefits of the decree which they seek to review in this court, and by such acceptance they have released any and all errors in the decree. Where the record shows that the appellants have accepted the benefits of the decree of the lower court, it is not necessary to raise the same by plea of release of errors, but the same may be raised by motion. This same question was presented to our Supreme Court in the case of *King v. King,* 215 Ill. 100, and the court in disposing of the case on page 116, have this to say: "It appears also from the order, entered by the court below on December 23, 1899, approving the master's report of distribution of the proceeds of the sale, that $961.21 out of such proceeds were paid to the plaintiff in error, as the balance of the amount realized from the sale of her life estate, after paying of the costs and the amount due upon the mortgage. The receipt of plaintiff in error over her own signature for this sum of $961.21 is attached to the report so approved. 'Where a party accepts the benefit of a decree, he cannot afterwards prosecute error to reverse it; such acceptance operates as an estoppel

and may be treated as a release of errors.' (*Moore v. Williams*, 132 Ill. 591; *Morgan v. Ladd*, 2 Gilm. 414; *Thomas v. Negus*, id. 700; *Holt v. Reid*, 46 Ill. 181; *Corwin v. Shoup*, 76 Ill. 246.) While it is true as a general rule that, in an Appellate Court, matter, operating as release of errors, must be set up in a plea to the assignment of errors, yet in the present case such a plea cannot be regarded as necessary, because the plaintiff in error assigns, as one of the errors of which she complains, that the court below erred 'in making the order, entered December 23, 1899, approving the proceedings and distribution by the master therein approved.' The assignment of errors itself upon its face brings before this court the order of the court below, approving the master's report, which shows that the plaintiff in error accepted the $961.21. The payment of the money to the plaintiff in error, and its acceptance by her, are thus shown upon the face of the record, and attention is called to it by the plaintiff in error in her assignment of errors. The fact of such payment and acceptance could not be more clearly presented to the court had a plea of a release of errors been filed.''

It is our conclusion that the appellee properly raised this question by motion, and that the record conclusively shows the appellants have accepted the full benefits of the decree and have thereby released all errors in the decree. The motion of the appellee to dismiss the joint and several appeal of the appellants is hereby sustained and the appeal dismissed.

*Motion sustained and appeal dismissed.*